Debt sur Obligation. On the plea of payment, defendants offered to give no consideration in evidence. Objected, that the consideration of a bond is not inquirable into, tbe passing the bond being a gift in law of the money. To this it was answered, and so ruled by the Court, that there being no court of chancery in this province, there is a necessity in order to prevent a failure of justice, to let the defendants in, under the plea of payment, to prove mistake or want of consideration. And this, the Chief Justice said, he had known to he the constant practice of the courts of justice in this province, for thirty-nine years past,
 

 (b)
 

 (b)
 

 The same point was ruled in Swift v. Jones
 
 et al.,
 
 at the same term (April 1768); a report of which is contained in Mr. Rawle’s MS. collection. The question was fully argued by Messrs.
 
 Chew
 
 and
 
 Tilghman,
 
 for the plaintiff, and Messrs.
 
 Ross', Gallowa/y
 
 and
 
 Wain,
 
 for the defendants, and the court having admitted evidence to invalidate the consideration, a verdict passed for the defendants. Since those decisions, the law has been considered settled in the state courts. “ This case (says Judge Duncan, speaking of Swift v. Hawkins, “ may be called the
 
 Magna Oharrta
 
 of this branch of equity, and has been ever since followed, and rules of court universally established, requiring notice of the special matter, fraud, or failure of consideration, intended to be given in evidence in avoidance of the bond.” Mackey
 
 v.
 
 Brownfield, 13 S. & R. 240. This practice has been adopted by the circuit court of the United States for the Pennsylvania district See Latapie
 
 v.
 
 Pecholier, 2 W. C. C. 180.