Marshall, Ch. J.,
delivered the opinion of the court to the following effect: — This case comes up on two bills of exception, 1st. As to the notice of taking the deposition ; and 2d. As to its applicability.
1. As to the notice. There are two modes of taking depositions, under the act of congress. By the first, notice in certain cases is not necessary, but the forms prescribed must be strictly pursued. This deposition is not taken under that part of the act. By a subsequent part of the section, depositions may be taken by dedimus potestatem, according to common usage. The laws of Virginia, therefore, are to be referred to on the subject of notice. *177 Those laws do not authorize notice to an attorney-at-law. The word attorney, in the act of assembly, means attorney in fact. An attorney-at-law is not compellable to receive notice ; but he may consent to receive, or he may waive it, and shall not afterwards be permitted to object the want of it. But this deposition was not taken agreeable to the notice received. The commissioners did not adjourn from day to day ; but passed over the intermediate time between the 12th and the 19th of August.
This circumstance, however, is not, by the court, deemed fatal, under the particular circumstances of this case, though, without those circumstances, it might, perhaps, be so considered. The agreement that the deposition might be taken, whether the attorney were present or absent; his subsequent examination of the deposition, without objecting to the want of notice, and the death of the witness, were sufficient grounds for the defendant to believe that the objection would be waived.
■2. The objection to the competency of McLain is totally unfounded, as it does not appear upon the record *that he was the guardian; and ...¡, especially, as the defendant became of full age before the trial. . L
3. The objection to the applicability of the deposition is also void of foundation. For although it was not conclusive evidence, it was still admissible.
The court is, therefore, of opinion, that there is no error in the judgment below.
Judgment affirmed.