7 U.S. 293
 3 Cranch 293
 2 L.Ed. 444
 BUDDICUM
v.
KIRK.
 February Term, 1806
 
 1
 ERROR to the circuit court of the district of Columbia, in an action of debt against the defendant, as heir at law of the obligor, of a bond dated the 20th of September, 1774, conditioned to pay 994l. 3s. 5d. Virginia currency, in equal instalments, at six and twelve months from the date of the bond.
 
 
 2
 The defendant being an infant, pleaded by Archibald M'Lain, his guardian.
 
 
 3
 1. Payment; to which there was a general replication and issue.
 
 
 4
 2. That after the execution of the bond, viz. on the ___ day of _____ 1784, at, &c. it was accorded and agreed, between the plaintiff and the said James Kirk, (the obligor) in his life-time, that the said James Kirk should assign, and make over to the plaintiff, all the balances of money due to the said James Kirk, and one Josiah Moffett, arising from a store kept by them in partnership, in the town of Leesburgh, in discharge and satisfaction of the said bond; and that the said James Kirk did afterwards, on the day and year last mentioned, at the town aforesaid, pursuant to the said accord and agreement, assign, and make over to the plaintiff, all the aforesaid balances, and the plaintiff did then and there receive the said assignment and transfer of the said balances, in satisfaction for the said bond, and this he is ready to verify, &c.
 
 
 5
 This plea was adjudged bad on general demurrer.
 
 
 6
 3. 'That after the execution of the said writing obligatory, the plaintiff, by his certain deed of release, with his seal sealed, which said deed is lost and destroyed by time and accident, did release and discharge the said James, in his life-time, and his heirs, of and from the payment of the said writing obligatory, that is to say, on the ___ day of _____ in the year 1784, at the county aforesaid, and this is ready to verify.'
 
 
 7
 To which plea, there was a general replication and issue.
 
 
 8
 Upon the trial, the jury found both the issues of fact for the defendant, and the plaintiff took two bills of exceptions.
 
 
 9
 1. The first stated, that the defendant offered in evidence, the deposition of Patrick Cavan, tending to prove, that wheat, to the amount of 166l. 8s. 10d. had been delivered by the obligor to the plaintiff, on account of the bond, and sundry debts due to Kirk and Moffett, had been assigned to the plaintiff in full discharge of the bond; and that the plaintiff had indulged some of the debtors until the debts were barred by the statute of limitations. That notice was given to the plaintiff's attorney, that the deposition would be taken on the 8th of August, 1801, and if not taken in one day, that the commissioners would adjourn from day to day until it should be finished, and that he agreed that it might be taken on that day, whether he attended or not; but did not assent or object to its being taken on any other day. That the commissioners, to whom the dedimus was directed, met on the 8th of August, 1801, and adjourned to Monday the 10th, and from the 10th to the 11th, from the 11th to the 12th, and from the 12th to the 19th, when the deposition was taken. That the plaintiff's attorney did not attend on the 8th, or any of the other days, and had no notice of the several adjournments.
 
 
 10
 That the defendant also offered to prove by Archibald M'Lain, that the plaintiff's attorney, after the deposition was taken, read it, but did not then object to its being read in evidence; and that the said Patrick Cavan died before the trial. To the reading of this deposition, the plaintiff objected, but the court suffered it to be read.
 
 
 11
 2. The 2d bill of exceptions stated, that the plaintiff prayed the court to instruct the jury, that the defendant was not entitled, on the plea of payment, to discount the bonds and notes assigned to the plaintiff, as mentioned in the deposition of Cavan, unless it should appear to the jury that the same had been collected by the plaintiff; which instruction the court refused to give, but directed the jury, that the deposition was competent evidence to be offered in proof of a discount on the plea of payment.
 
 
 12
 E. J. Lee, for the plaintiff in error, contended.
 
 
 13
 1. That the deposition was irregularly taken, inasmuch as a notice to take a deposition on the 8th, is not notice to take it on the 19th; and although notice was given, that if the deposition was not taken on the 8th, the commissioners would adjourn from day to day, yet in this case, they adjourned over from the 12th to the 19th, without giving new notice. Besides, the notice in this case is to the attorney at law, and not to an attorney in fact. If it be said, that an attorney at law may bind his client, by an agreement relative to any matter in the proceedings, or trial of a cause, yet, the assent of the attorney only went to the taking the deposition on the 8th of August, and not on any subsequent day.
 
 
 14
 2. It was not competent for the defendant to prove that assent, by the testimony of Archibald M'Lain, who was his guardian of record, and answerable for costs.
 
 
 15
 3. The matter contained in the deposition, was not competent evidence upon either of the issues. It certainly was not evidence of a release under seal; and the assignment would not be a payment, unless it produced the money to the plaintiff. If any thing but money is relied upon as satisfaction of a bond, it must be pleaded by way of accord and satisfaction, and not as payment. One bond cannot be pleaded in discharge of another, a fortiori cannot an assignment of a bond. 1 Burr. 9, Rhodes v. Barnes.
 
 
 16
 Simms, for the defendant.
 
 
 17
 1. If the plaintiff had not notice of the time of taking the deposition, it was his own fault, or that of his attorney. The attorney, having received and acknowledged notice for the 8th of August, was bound to attend; and if he had attended, he would, of course, have had notice of the adjournment. This want of notice, therefore, is to be attributed to his own negligence. But if the notice was insufficient, the court, under the circumstances of the case, did not err in admitting the deposition. When the plaintiff's attorney read the deposition, he did not object. By his silence he lulled the defendant into security, at a time, when, if the objection had been made, he might have corrected the mistake, by giving new notice, and taking the deposition de novo. But instead of that, he concealed his objection until the deponent was dead, and when he knew that the defendant would totally lose the benefit of his testimony. In such a case the court will say, that the silence of the attorney, when he read the deposition, was a waiver of the notice.
 
 
 18
 2. As to the second objection, that Archibald M'Lain was not a competent witness, because he was the guardian of the defendant. It does appear upon the record, that the witness was the same Archibald M'Lain, who was the guardian. And besides, it appears, that before the trial the defendant himself was of age, and had leave to appear by attorney.
 
 
 19
 3. As to the objection, that the matter of the deposition was not competent evidence on the issues. The court did not say it was complete proof of payment, but that it was matter proper to be left to the jury upon the plea of payment, and from which a payment might be inferred.
 
 March 1.
 
 20
 MARSHALL, Ch. J. delivered the opinion of the court to the following effect:
 
 
 21
 This case comes up on two bills of exceptions.
 
 
 22
 1st. As to the notice of taking the deposition; and,
 
 
 23
 2. As to its applicability.
 
 
 24
 1. As to the notice. There are two modes of taking depositions under the act of Congress. By the first, notice in certain cases is not necessary, but the forms prescribed must be strictly pursued. This deposition is not taken under that part of the act. By a subsequent part of the section, depositions may be taken by dedimus potestatem, according to common usage. The laws of Virginia, therefore, are to be referred to on the subject of notice. Those laws do not authorise notice to an attorney at law. The word attorney, in the act of assembly, means attorney in fact. An attorney at law is not compellable to receive notice; but he may consent to receive, or he may waive it, and shall not afterwards be permitted to object the want of it. But this deposition was not taken agreeably to the notice received. The commissioners did not adjourn from day to day, but passed over the intermediate time between the 12th and the 19th of August.
 
 
 25
 This circumstance, however, is not, by the court, deemed fatal, under the particular circumstances of this case, though without those circumstances it might, perhaps, be so considered. The agreement, that the deposition might be taken, whether the attorney were present or absent; his subsequent examination of the deposition, without objecting to the want of notice, and the death of the witness, were sufficient grounds for the defendant to believe, that the objection would be waived.
 
 
 26
 2. The objection to the competency of M'Lain, is totally unfounded, as it does not appear, upon the record, that he was the guardian; and especially, as the defendant became of full age, before the trial.
 
 
 27
 3. The objection to the applicability of the deposition, is also void of foundation. For, although it was not conclusive evidence, it was still admissible.
 
 
 28
 The court is, therefore, of opinion, that there is no error in the judgment below.
 
 
 29
 Judgment affirmed.