## JOSEPH N. HOWE *versus* JOHN MACKAY *et al.*

Under a plea of payment, in an action of debt on judgment, the defendant is not confined to evidence of a payment in money, but he may show that a chattel or a deed of land was given and received in satisfaction of the judgment. He must however prove, that the thing received was of the full value of the debt, or that it was agreed to be received as such.

THIS was debt upon a judgment recovered by the plaintiff against the defendants, for 8120 dollars debt, and 14 dollars costs. The defendants pleaded payment, and thereupon issue was joined.

At the trial, which was before *Putnam* J., it appeared that the plaintiff's execution, which was issued on the 24th of July, 1818, had been in the hands of the sheriff of Berkshire, to be levied on land of the debtors, which had been attached on the original writ, but that no satisfaction had been entered upon it. The defendants proposed to prove the payment to have been made by the conveyance of this land, by a deed expressing a consideration of 8000 dollars, dated August 8, 1818, made by the judgment debtors to the plaintiff, and in which their wives had released their right of dower. The plaintiff objected, that under this issue, evidence of a payment by the conveyance of real estate was not admissible, but that the payment must be proved to have been made in money ;

---

[2] See *Stevens* v. *Dimond,* 6 N. Hamp. R. 330; 1 Chitty on Crim. Law, (3d Amer. ed.) 290, ·. (74); Revised Stat. *c.* 137, § 14.

*Howe
v.
Mackay.*

and that the transaction · proposed to be proved was in the nature of accord and satisfaction, and could not be considered as a payment of the debt. This objection was overruled, and the defendants produced evidence, which satisfied the jury that the debt had been paid by the deed above mentioned. If the objection ought to have prevailed, a new trial was to be granted ; otherwise judgment was to be rendered on the verdict.

The plaintiff also moved for a new trial, on the ground that the verdict was against the weight of evidence.

*July 19th, 1826.*

The case was argued by *Prescott* and *J. E. Smith,* for the plaintiff, and by *Shaw* and *Sohier,* for the defendants. Besides the authorities commented on by the Court, there were cited on behalf of the plaintiff, 1 Chit. Pl. 215, 472, 473 ; *Watkinson* v. *Inglesby,* 5 Johns. R. 391 ; *Wattles* v. *Laird,* 9 Johns. R. 327 ; *Cumber* v. *Wane,* 1 Str. 426 ; Com. Dig. *Pleader,* 2 *W* 30, cites Cro. Car. 86, 193 ; *Meyer* v. *M'Lean,* 1 Johns. R. 509 ; *Baylies* v. *Fettyplace,* 7 Mass. R. 325 ; *Richardson* v. *Smith,* 8 Johns. R. 342 ; — on behalf · of the defendants, *Johnson* v. *Weed,* 9 Johns. R. 310 ; 3 Stark. Ev. (Amer. ed.) 1085, note, 1088 ; *Chew* v. *Woolley,* 7 Johns. R. 399 ; 1 Phil. Ev. (3d ed.) 161 ; *Floyd* v. *Day,* 3 Mass. R. 403 ; *Randall* v. *Rich,* 11 Mass. R. 494 ; 16 Vin. Abr. 280, *Payment, N, O.*

*April 9th.*

PARKER C. J. delivered the opinion of the Court. This is an action of debt on a judgment. The defendant pleads payment generally. The evidence of payment was a deed of conveyance of real estate in Berkshire, with circumstances tending to show that the deed was given and received in satisfaction of the judgment. This evidence was objected to because nothing will support the issue on plea of payment, but evidence of payment in money ; and this, because the *St. 4 Anne, c.* 16, § 12, which allows the plea of payment to · judgments, has reference to money payments, the words being, that when debt is brought on any single bill, bond, or judgment, *if the money has been paid,* though neither at the day nor place, yet if paid at a subsequent day, such payment may be specially pleaded. But we do not think so much stress ought to be laid on those words as to exclude all evi

dence of payment except in money, the object of the statute being to protect payments *post diem*, and not to insist on any particular mode of payment. If the creditor agrees to accept land or any chattel in satisfaction of his debt, and does actually so receive it, it is to all intents and purposes a payment, and may be so pleaded.[1] Surely if he gives a receipt for any sum on a bond, or on an execution, or on a separate paper, expressing the particular article in which he received it, the receipt would nevertheless be evidence of payment ; and other evidence proving the same fact is equally competent. And so are some of the authorities. Thus in *Buddicum* v. *Kirk*, 3 Cranch, 293 ; to debt on bond conditioned to pay money, there was a general plea of payment, and the evidence was the delivery of wheat, at an agreed price, and the assignment of certain debts which were lost by the negligence of the assignee ; and this was held good to support the issue. And Starkie, in his Treatise on the Law of Evidence, *vol.* 3, *p.* 1085, lays down the proposition in general terms, that on plea of payment, payment of money or its equivalent is good evidence. By the term *equivalent* he must mean some article of property valued by the parties and agreed to be received in payment.[2] In order however to prove the issue by evidence of this sort, it will be necessary to prove that the article received was of the full value of the debt, *or*, was agreed to be received as such ; for it appears by the authorities, that nothing short of a full payment will go to discharge the debt in full, and the acknowledgment of the plaintiff that he received it in full, or proof that he agreed so to receive it, will be necessary, if the article delivered should be in fact of less value, for then indeed it is not an equivalent. And even with such evidence of acknowledgment or agreement, it is not very clearly settled by authorities, that the payment of a sum less than the debt proved, or of an article of less value, will acquit the debt under a plea of payment ; and in the case

[1] See *Lockwood* v *Sturtevant*, 6 Connect. R. 373; *Brown* v. *Feeter*, 7 Wendell, 306.

[2] *Property* paid and received *as money*, will support the action for money paid or had and received, the same as if money itself had been paid or received. *Ainsley* v. *Wilson*, 7 Cowen, 662.

of money paid falling short of the debt, it seems that on the issue of accord and satisfaction, it would not be sufficient. This is the doctrine in Co. Lit. 212 *b*, because, it is said, " it is apparent that a lesser sum of money cannot be a satisfaction of a greater." So in *Fitch* v. *Sutton*, 5 East, 230, Lord *Ellenborough* and the rest of the court held, that payment of a less sum, though acknowledged to be in full, is no extinguishment of an antecedent debt. And in *Dederick* v. *Leman*, 9 Johns. R. 333, a payment of a less sum than was due on a bond, although averred to be accepted in full payment, was held bad either on a plea of payment or of accord and satisfaction. In *Mechanics Bank* v. *Hazard*, 13 Johns. R. 353, is a strong case to the same point. The action was on a recognizance of bail. The defendant pleaded payment by the principal debtor. There was evidence of payment of a less sum than the amount of the judgment, and it was considered inadmissible ; and it was held that the payment could not be pleaded, although accepted in full satisfaction. And *Thompson* C. J., in giving the opinion of the court, says, " had the plea set out the true sum paid, it would have been bad on demurrer, and, of course, is no defence." This is also the doctrine laid down in *Pinnel's case*, 5 Co. 117, viz. that payment of a less sum in money than appeared to be due on a bond, could never be pleaded in discharge of the bond, either as payment or as accord and satisfaction, though under the latter plea the delivery and acceptance of a chattel, though in truth of less value, would support the issue ; and the reason given is, that a smaller sum of money can never be an equivalent for a larger, but that as to a chattel, the parties may estimate it *ad libitum*.

But there are other cases which hold quite a contrary doctrine.

Thus, in *Price* v. *Brown*, 1 Str. 691, payment after the day and before action brought was pleaded, the payment being alleged to be of the principal sum and all the interest that was due   The evidence showed a gross sum paid, which did not cover all the interest, and it was sworn that the plaintiff accepted it in full ; and this was held a good bar.

So in *Henderson* v. *Moore*, 5 Cranch, 11, which was an

action of debt on a bond, to which payment generally was pleaded, the evidence was of payment of a smaller sum, with an acknowledgment by the plaintiff that it was in full of all demands. The jury were instructed by the inferior court, that they might and ought to infer payment of the whole ; and upon error brought, this direction was sanctioned by the Supreme Court of the United States.

So in *Johnston* v. *Brannan*, 5 Johns. R. 268. In *assumpsit* on a promissory note, payment *puis darrein continuance* in full satisfaction and discharge of the note, was pleaded. The sum paid was less by two dollars than the note and interest ; and this was held good, because the mode of calculating interest was various and fluctuating.

Perhaps these cases do not infringe the general principle, that payment of a less sum than the debt due, can be no discharge of the debt, even when expressly so received by the creditor, where the payment is in money : because, in the case cited from Cranch to this point, the jury were instructed to infer that the whole had been paid, although the evidence showed a payment in part, for it might be that there had been previous payments, and the acknowledgment of the plaintiff would give ground for such an inference ; and in the cases from Strange and Johnson the deficit was in the interest only, which not being certain, the acknowledgment of satisfaction was held to be sufficient.

There seems therefore nothing to impeach the general proposition, that the issue of payment is not maintained by showing payment of less than the whole debt due.

Now, in the case before us, the evidence of payment was, that a certain tract of land which had been attached by the plaintiff, and which was about to be levied on to satisfy the judgment, was conveyed absolutely to the plaintiff by the defendants, whose wives relinquished their right of dower therein. That this was good evidence of payment *pro tanto*, that is, to the value of the land, or to the agreed estimate of it by the parties, we think there is no doubt ; but whether it amounted to a payment in full, so as to discharge the judgment, is not so clear. No evidence is reported of an agreement so to receive it, though there were facts proved from

Howe
*v.*
Mackay.

which this might have been inferred, if such was the view taken of the cause at the trial. The judgment was for 8,120 dollars debt, and 14 dollars costs. The consideration of the conveyance appears to be only 8,000 dollars. Now, if this were a payment in money, it is clear by the authorities cited, that it would not be a complete defence, even if it were expressly received in satisfaction. Can it be so because it was land, unless it was agreed to be so received ? If not, we must look to the evidence and see if there were facts proved from which such agreement might and ought to have been inferred, and also to the charge of the judge, to see if the case was put upon that point to the jury.

The principal facts which seem to have been relied upon are, that the levy about to be made was stopped ; that the plaintiff accepted the deed and proceeded no further with his execution ; that the relinquishment of dower was procured at the instance of the plaintiff's attorney ; that he considered the affair as settled, and charged and received his commissions, and that the plaintiff mortgaged the land to secure a debt from himself, and afterwards sold his equity of redemption, having advertised the land as his property. These are strong facts to prove an intended absolute conveyance in payment of his judgment, but they do not prove, nor have they much tendency to prove, that the whole judgment was intended to be discharged thereby, for every one of the facts would be as likely to have taken place, if it were intended to receive the land in payment as far as it would go ; for in that case the plaintiff would be the absolute owner of the land. On the other hand, there were facts proved, which had a strong tendency to show that the whole judgment was not to be discharged by the conveyance. Though the execution was absent, the judgment was here ; there might have been a release or a receipt, but there appears to have been neither. Mr. Austin, the attorney in the former suit, does not know whether the satisfaction by the land was in whole or in part. Mackay, one of the defendants, was present at a proposed sale by auction of part of the lands conveyed, and interfered to prevent the sale. This, if not explained, as it does not seem to have been, by proving that he was only agent for the

plaintiff looks as if he had, or thought he had, an interest remaining in the lands.  In short, the evidence is of a doubtful nature as to the point whether the judgment was intended to be discharged.  The jury were, as we suppose, instructed to consider whether the plaintiff had agreed to take the land in full satisfaction for the judgment ; if they had negatived this, we should be inclined to let the verdict stand, as not being *against* the evidence ; and although it might, in our minds, be against the weight of evidence, yet it would not be so decisively so, as to justify setting aside the verdict.  Having found the affirmative, we think there is the same reason for not interfering with the verdict.

*Note.*  On a motion for a new trial on the ground of surprise and a discovery of new evidence, the verdict was afterwards set aside.