DEBT on an administration bond for the distributive shares of two heirs of Daniel Fisher. Plea, performance; breach; non-payment of distributive shares. Rejoinder to this breach; viz: — payment by way of meat, drink, lodging and clothing, suitable to the condition of Daniel Fisher, while he was an infant under seven years, c. to the full value of his share c. And a like rejoinder as to Eliza, now Eliza Fisher. Demurer, that the matter set forth as payment is no payment.
Frame. — This is a mere counter claim, account or demand, and no payment. It might possibly be available as a set-off, but not by way of payment. Even cross demands could not be set-off until the statute of set off. Babington on Set-off 1; 6 Law Library.
There is no necessary connexion between money due from an administrator and necessaries furnished an heir, if the one could be paid by the other there would be an end of guardianships.
Under a plea of payment, a legal discharge by sale of surety's lands, not allowed to be given in evidence. State use of Reading'sadm'r. vs. Reading; 1 Harr. Rep. 23.
Bates, contra, insisted that the furnishing of necessary meat, drink, and clothing to children of tender years, was a good payment by an administrator towards the children's share of the estate; and that it was a meritorious defence, as otherwise the children might perish. You may pay a debt to an infant, although his receipt would not be evidence of it; the payment would still be good, if proved by other evidence. 2 Saund. Pl. Ev. 714-5-6; Wharton's Digest
467; 3 Cranch 293. Wheat delivered held a payment on a bond.
By the Court. These are cross demands, unconnected with each other, and can be reached only by plea of set-off. The matter of meat and necessaries is a distinct subject of suit, which under the *Page 53 
statute might be set off, but it is not a payment and cannot be given in evidence on a plea of payment.
 Demurrer overruled and judgment for plaintiff.