or said assigned fund in the hands of Baring Brothers & Co., and that said respondents be perpetually enjoined from setting up any right, title, claim, or interest, in or to said bonds and fund, by virtue of said votes or either of them.

## Case No. 1,777.

### BRADLEY v. CURRIER.

Circuit Court, D. Massachusetts. 1848.

FRAUDULENT CONVEYANCES—FEDERAL COURTS.

[1. Cited in Whetmore·v. Murdock, Case No. 17,509, to the point that it is only where a demand has been transferred to a foreign resident, to whom it did not belong originally, that jealousies should be indulged of a design to evade the state insolvent system, and a close scrutiny made into the truth of the transaction, and where juries might be expected to lean against plaintiffs.]

[2. Cited in Moan v. Wilmarth, Case No. 9,686, to the point that it was the design of congress, in the acts of 1839 and 1841 (5 Stat. 341, 410), that the federal courts should conform to the laws of the respective states as regards imprisonment of private debtors, thus allowing the individuals to have their rights settled on like principles in both state and federal courts, but by a tribunal supposed to be more impartial when the action is between a citizen and a nonresident or foreigner, and is brought in a court of the United States.]

[Note. Nowhere reported; opinion not now accessible.]

BRADLEY (DOBBINS v.). See Case No. 3,944.

## Case No. 1,778.

### BRADLEY v. ELIOT.

[5 Cranch, C. C. 293.] [1]

Circuit Court, District of Columbia. March Term, 1837.

JUDGMENT—RENDITION AND ENTRY—CORRECTING DOCKET.

If, after judgment, an entry be made on the clerk's docket intimating that the judgment is for the use of a third person, the court will not interfere to order it to be stricken out after the term in which the judgment was rendered.

An action was entered at April term, 1821, in the name of W. A. Bradley, for the use of E. B. Caldwell, against Samuel Eliot, Jr., who confessed judgment at the return term of the writ. On the 17th of December, 1835, the clerk wrote in the margin these words: "Use of the Bank of Washington, says J. Hellen, Esq., 17th December, 1835."

R. S. Coxe, for the plaintiff, moved the court to order those words to be stricken out or erased from the docket, they having been written without the authority of the court.

THE COURT (THRUSTON, Circuit Judge, absent) refused to interfere, and discharged the rule.

¹ [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 1,779.

### BRADLEY et al. v. FARWELL et al.

[Holmes, 433.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1874.

CORPORATIONS—DISSOLUTION—ASSETS—RIGHTS OF CREDITORS—BANKRUPTCY—RECOVERY OF ASSETS BY ASSIGNEES—PREFERENCE BY DIRECTORS.

1. The directors of an insolvent corporation, while it is under their management, hold the position of trustees of its assets for the benefit of its creditors, and, if themselves creditors, cannot secure to themselves any preference or advantage over other creditors.

[Cited in Corbett v. Woodward, Case No. 3,-223; Hills v. Stockwell & Darragh Furniture Co., 23 Fed. 437; Lippincott v. Shaw Carriage Co., 25 Fed. 586; Adams v. Kehlor Milling Co., 35 Fed. 435.]

2. A transfer of the assets of an insolvent corporation, according to vote of its directors, to a partnership of which one of the directors is a member, made more than six months before proceedings in bankruptcy against the corporation, as payment of, or security for a debt due the partnership from the corporation, to the prejudice of other creditors, may be set aside, and the property so transferred recovered, in a suit in equity for that purpose brought by the assignees in bankruptcy of the corporation.

In equity. Bill by [Charles S. Bradley, Charles R. Chapman, and George M. Barnard] the assignees in bankruptcy of the Boston, Hartford, and Erie Railroad Company, to recover property of the corporation alleged to have been transferred to the defendants [Henry N. Farwell, Asa Farwell, and Samuel Hall, Jr.], then partners, to secure a claim of the partnership against the corporation, in pursuance of votes of the board of directors of which the defendant Farwell was a member, after the corporation had become insolvent, and in fraud of its creditors. The defendants filed a general demurrer to the bill. The material facts of the case are stated in the opinion. [Demurrer overruled.]

. C. S. Bradley and J. J. Storrow, for complainants.

It is well settled that the managing officers and directors of a corporation hold relations of trust towards the individuals interested, and that the rules of courts of equity with regard to the administration of trusts apply to such officers. They are not trustees in the narrow sense of being intrusted with the legal title to property. They are intrusted with large general powers of control and management. It is with regard to the exercise of these powers that their character and responsibilities are similar to those of trustees, and that the law of trusts applies. Benson v. Heathorn, 1 Younge & C. Ch. 343; Bowes v. City of Toronto, 11 Moore, P. C. 518, 522; European & N. A. R. Co. v. Poor, 59 Me. 277; Heath v.

¹ [Reported by Jabez S. Holmes, Esq., and here reprinted by permission.]