# Hamilton *against* Moore.*

In an action of *assumpsit* the defendant cannot, under the plea of payment, give evidence tending to disprove the cause of action set forth in the plaintiff's statement.

*Quære,* if he can even under the plea of payment with leave, if no notice of such defence has been given according to the rules of court.

The plea of payment confesses the cause of action set forth in the plaintiff's statement.

Under the plea of payment the evidence may be of payment in other things than money.

Where no exception is taken to the opinion of the court, the evidence necessary to understand it must accompany it to the court of error.

THIS was an action of *assumpsit* brought by the executors of William Hamilton, deceased, against John Moore. This case was argued at Lancaster in May term 1817, and the following opinion, which states the case, and in which Gibson, J., and Duncan, J., concurred, was delivered by

TILGHMAN, C. J.—The plaintiffs filed no declaration, but made a statement under the Act of Assembly, by which it appeared that they claimed a large sum of money received by the defendant from the inhabitants of the borough of Lancaster for the use of William Hamilton, deceased, and also the sum of £1200, the purchase money of eight lots of ground sold by the said William Hamilton to the defendant; and £300, the purchase money of one other lot. The whole amount of the plaintiff's demand was £4093, 8s. 1d. current money of Pennsylvania, and £15 3s. 4d. sterling money of Great Britain. The defendant pleaded *payment* and *a set-off.* The plaintiffs replied *non solvit,* whereupon issue was joined. They also denied the set-off, and pleaded to it the Statute of Limitations, upon which also issue was joined. The defendant gave notice of the nature of his set-off, viz: a claim of $1500 a year, from the 19th of October 1800, to the 27th of August 1811, amounting in the whole to the sum of $16,283.33, for divers works, labours and services, performed by him for William Hamilton, deceased, at his special instance and request, as his agent, attorney, and counsel, in transacting his business during the period before mentioned. On the trial of the cause, the defendant offered in evidence the deeds for the eight lots mentioned in the plaintiff's statement, and alleged to have been sold to the defendant for £150

---

* This case was for a long time mislaid, and but recently came into the reporters' hands.

each, in order to show the ground-rents which had been reserved to the said William Hamilton; and he also offered in evidence several letters from the said William Hamilton to himself, in order to prove that the said eight lots were sold to the defendant for the sum of $150 *in the whole,* and a ground-rent of 17*s.* 6*d.* sterling on each lot; and that the whole of the said $150 was paid by the defendant to the said William Hamilton, who had acknowledged the receipt of the same. To all of this evidence the plaintiff objected, but the court admitted it, and an exception was taken to their opinion. The defendant now contends that the evidence was proper, and founds his argument on the nature of the plaintiff's action, on the nature of the plea of payment considered at common law, and on the nature of the same plea considered under our Act of Assembly, and the rules and practice of our courts.

1. It is said, that the action being founded on equity, the defendant should be admitted to every defence tending to show that the plaintiff ought not in equity to recover. But, granting this position to be true, it does not follow that the evidence offered ought to have been received *under the plea of payment.* That the defendant should be admitted to an equitable defence is not denied, provided he entitles himself to it by a proper plea; he did, at first, plead *non assumpsit,* which would have been sufficient to introduce his evidence; but he afterwards struck out that plea, and chose to go to trial on the issue of payment. If, therefore, he was cut off from the strength of his defence, it was only because he rejected the proper means of bringing it before the jury.

2. The plea of payment confesses the cause of action set forth in the plaintiff's statement. The plaintiff goes to trial, presuming on this confession, and prepared only to prove that payment has not been made. It is taking him by surprise, therefore, to withdraw that confession at the moment of trial, and introduce evidence to show that no such contract was made, as he has alleged. The cases cited by the defendant from *Peake's Ev.* 300 and 5 *Cranch* 293, go no farther than to prove, that under the plea of payment, you are not strictly confined to payment *in money;* but it is sufficient, if you prove payment by a delivery of wheat, or any other article which was received by the plaintiff in satisfaction of his debt, or even if you prove that the plaintiff accepted of an assignment of bonds, or other debts, which were afterwards lost by his own negligence. These decisions by no means show that the contract set forth by the plaintiff may be contradicted under the plea of payment; on the contrary, they affirm the principle of the contract being confessed, and only prove that payment may be made in other things than money, when the plaintiff consents to accept them.

3. The Act of Assembly relied on in support of the evidence was passed so long ago as the year 1705. It enacts, that " if two or more, dealing together, be indebted to each other upon bonds,

[Hamilton v. Moore.]

bills, bargains, promises, accounts, or the like, and one of them commences an action, *if the defendant cannot gainsay the deed, bargain, or assumption upon which he is sued,* it shall be lawful for such defendant *to plead payment* of all or part of the debt or sum demanded, and give any bond, bill, receipt, account, or bargain in evidence," &c. &c.   Now, I confess, I do not perceive what bearing this Act of Assembly has on the case.   Its main intention was to give the defendant the benefit of a set-off.   Accordingly, it permits the evidence to be given only *when the defendant cannot gainsay the plaintiff's cause of action;* but here he does gainsay it, and the evidence is offered for the purpose of proving that instead of agreeing to give £1200 for eight lots of ground, as the plaintiff has alleged, he (the defendant) did in fact agree to give but £150. When the defendant *denies* the plaintiff's cause of action, there was no need of an Act of Assembly to let him into a defence, because the common law had provided him with a plea to every form of action in which the plaintiff could attack him.   In the present action, the plea of *non assumpsit* would have been amply sufficient; and that being the case, it might seem rather extraordinary that that plea should have been first put in and then withdrawn, were it not recollected that by standing on the plea of *payment* alone the defendant's counsel who makes the *affirmation,* would, according to our practice, be entitled to the last speech to the jury. This is sometimes supposed to be a matter of importance, so that the contest in the court below seems to have been, not whether the defendant should be let into his just defence, but whether he should be permitted to make it in the manner which he conceived most to his advantage.

4. If the evidence offered in this case were maintainable, it could be only under the rules and practice of our courts.   Having no Court of Equity, we have found ourselves obliged, for the prevention of injustice, to depart in some instances from the rules of the common law.   Where a bond or other specialty has been given, and there are equitable circumstances which would render it void, in whole or in part, as there is no plea of which the obligor could avail himself *at law,* the courts have thought themselves justified in letting him into his equitable defence, under the plea of *payment.*   This appears from the case of *Swift* v. *Hawkins,* (1 *Dall.* 17), decided in the year 1768, and always since held for law.   The Chief Justice there declared that, to his knowledge, the practice of receiving evidence to show the want of consideration *on a plea of payment to debt on bond,* had prevailed for 39 years; and he assigns the reason, " because otherwise there would be a failure of justice;" but that reason does not apply to actions on the case founded on an assumption where, upon the plea of *non assumpsit,* every defence can be made which justice requires. There is no occasion, therefore, in these actions, to depart from the common law rule.   We have, indeed, sanctioned a practice of

[Hamilton v. Moore.]

*pleading generally, with leave to give the special matter in evidence.* In this court, upon a plea of that kind, the rule is that notice of the special matter intended to be offered in evidence shall be given by the defendant to the plaintiff before the trial. The rule of the Common Pleas is, that notice need not be given, unless demanded by the plaintiff. In the present case, the defendant gave notice of his set-off, but not of the other matter; so that it might well be questioned whether he ought to have been permitted to give evidence of the matter excepted to, even if he had pleaded *payment, with leave,* &c. But it appears by the record, that the plea was simply *payment*, without any mention of leave, &c.; so that the question is reduced to this—can the defendant, under the plea of payment in an action like the present, give evidence tending to disprove the cause of action set forth by the plaintiff? For the reasons before assigned, I am clearly of opinion that he cannot. But so far as it went to prove an actual payment, the evidence was admissible.

Another exception was taken to the opinion of the court on the subject of the Act of Limitations. But as the evidence to which the Act is applicable is not inserted in the bill of exceptions, I am unable to form a satisfactory judgment as to the correctness of the decision of the Court of Common Pleas. Where an exception is taken, the necessary evidence should accompany it; and as there must be another trial in this case, the counsel will have an opportunity, in case a bill of exceptions should be taken, to annex to it so much of the evidence as may enable this Court to form an opinion. I am for reversing the judgment, and awarding a *venire de novo.*

Judgment reversed, and a *venire de novo* awarded.