[No. 3426.   June 23, 1930.]

HARRIS & MALDONADO v. SPERRY.

[290 Pac. 1022.]

See, also, 277 P. 967.

Tom W. Neal, of Lovington, for appellant.

Jose E. Armijo, of Santa Fe, for appellees.

## OPINION OF THE COURT

BICKLEY, C. J.

The appellant, Sperry, had a contract to construct a building. This contract is not in evidence, but the testimony shows that it included the construction of a tunnel involving excavation, setting of forms, and the pouring of concrete. Appellees, subcontractors, had a written contract with Sperry to do some of the work, including excavations for the tunnel. Appellees did the work with the knowledge and acquiescence of appellant, and claim there is a balance of $470.50 due them.

The controversy arises over an item for excavation and back-filling in connection with the tunnel. Apparently appellant's point is that appellees are not entitled to pay for more excavation and back-filling than he received pay for. The engineer in charge testified that the additional excavation was necessary to enable the appellant to do proper concrete work on the tunnel. An examination of the record convinces us that the work done by appellees was not unrelated to the work to be done as described in the written contract sued on, so the decision of the court that the contract permitted a recovery for the excavation and back-filling in dispute, was not erroneous, and it follows that there was no error in the admission of evidence as to the amount of such excavation and backfilling and the price thereof.

The third assignment of error is that:

"The court erred in rendering judgment for the sum of $470 in favor of the appellees, there being absolutely no evidence to support the judgment."

The only finding and conclusion pertinent to this review is in the judgment as follows:

"That the defendant, O. M. Sperry, is justly indebted unto the plaintiffs, Harris & Maldonado, a co-partnership composed of George H. Harris and John Maldonado, for and on account of excavation, refills, taking out trees, and taking out cement drains and stone curbing in the sum of $470.50, as appears from the evidence in this case, and for and on account of the things and matters sued for in this case."

The only attempt during the trial to question the sufficiency of the evidence to support a recovery was by motion for judgment by defendant (appellant) at the conclusion of plaintiff's case. The motion was overruled, and defendant presented evidence in support of his defense. By so doing, he waived any error of the court in ruling thereon, if error there was. Ex parte Pra 34 N. M. 587, 286 P. 828, and cases cited; Federal Reserve Bank of Dallas v. J. N. Upton 34 N. M. 509, 285 P. 494; State v. Analla et al 34 N. M. 22, 276 P. 291; State v. Stewart 34 N. M. 65; 277 P. 22-27; First State Bank of Alamogordo v. McNew et al., 33 N. M. 414-418, 269 P. 56; State v. Vincioni, 30 N. M. 472-476, 239 P. 281.

The case was tried without a jury. No specific findings of fact or conclusions of law were made by the court and none were requested by either of the parties. This state of the record does not invoke a review of the evidence. See Alexander Hamilton Institute v. Dean Smith, 35 N. M. 30, 289 P. 596; and Murphy v. Hall, 26 N. M. 270, 191 P. 438; Morrow v. Martinez, 27 N. M. 354, 200 P. 1071; Merrick v. Deering, 30 N. M. 431, 236 P. 735; Trustees of Town of Torreon v. Garcia, 32 N. M. 124, 252 P. 478.

Finding no error in the record, the judgment is affirmed, and the cause remanded, with directions to enter judgment against the sureties on the supersedeas bond, and it is so ordered.

WATSON and CATRON, JJ., concur.

PARKER and SIMMS, JJ., did not participate.