[No. 3569.   April 25, 1931.]

DAVIS et al. v. TARBUTTON.

[298 Pac. 941.]

Edward D. Tittmann ,of El Paso, Tex., for appellants.

James W. Stagner and Caswell S. Neal, both of Carlsbad, for appellee.

## OPINION OF THE COURT

WATSON, J.

Plaintiff recovered judgment for the price of 6 bales of cotton, plus interest and costs, and defendants have appealed.

The cause was tried to the court.  Plaintiff's testimony was given by "oral examination out of court."  1929 Comp. ch. 45, art. 4.  Its reception in evidence was objected to on the ground of failure to serve written notice "upon the opposite party" of intention to apply for an order to take the testimony.  1929 Comp. § 45-402.  The objection was overruled, the order having been issued upon waiver of such notice by the attorney of record for the defendants.

It is contended that the waiver of notice does not satisfy the statute, and that the testimony was erroneously received.

By 1929 Comp. § 105-705, it is provided that "all service of papers, when the party to be notified has appeared by attorney, shall be made upon the attorney." If this section is applicable, we cannot doubt that the notice could properly have been served upon the attorney of record. If so, his waiver was good.

But appellants contend that it is not applicable. They say that, being a part of "an act to simplify procedure in civil cases" (Code of Civil Proc. [Laws 1897, c. 73]), it "does not apply to anything except the pleadings, motions and notices contemplated by that act, of which the provisions for taking depositions are not a part." They also say:

"This court has in such matters as election contests, etc., held that the civil procedure act could apply only to those proceedings therein contemplated."

The taking of a deposition by oral examination is not a special proceeding. It is not an end in itself. It is merely in aid of some "civil cause pending in the district court of this state." 1929 Comp. § 45-401. It is as applicable to the "civil action" governed by the Code (1929 Comp. § 105-101) as is section 105-705; as applicable as if it had been originally enacted as a part of the Code. So we think the two sections are to be construed together, with the result above indicated.

It is pointed out that the Act of 1891 (c. 28) for taking depositions by written interrogatories (1929 Comp. c. 45, art. 1) provided for notice to the adverse party or his attorney of record. So, it is urged, the failure in the later act to specify the attorney of record as one who may be served is significant. The argument is legitimate and invokes a familiar principle; but is not controlling. Under our system and policy, great power and responsibility are reposed in attorneys at law. 1929 Comp. § 9-130. The strict construction for which appellants contend would be inharmonious and would come, we think, as a shock to the profession. We find nothing in Buddicum v. Kirk, 3 Cranch, 293, 2 L. Ed. 444, or in Domenchini's Adm'r v. Hoosac Tunnel & W. R. Co., 90 Vt. 451, 98 A. 982, cited by appellants, suggesting a different conclusion.

It is further contended that it was error to receive plaintiff's testimony because the county clerk failed to give notice of the return of the deposition. Several answers are available to this contention. It seems sufficient to point out that the act under which this deposition was taken (article 4) contains no such requirement. Such notice is required by the act (article 1) for taking depositions by written interrogatories. 1929 Comp. § 45-117. It is erroneously assumed by counsel that this requirement of article 1 is incorporated in article 4 by section 45-408, which provides simply that the act shall not be construed to repeal or modify existing laws relative to the taking of depositions, but to supplement them.

Appellants contend, finally, that "there was no evidence in support of the judgment of the court, but if there was a modicum it was so incredible, unsupported and indefinite as to fail to support the burden of proof for the plaintiff."

The principal issue of fact was whether defendants, or one Fuller, bought the cotton. Plaintiff clearly testified that defendants bought it. So there was substantial evidence to support the finding or conclusion that "the plaintiff sold and delivered to the defendants 6 bales of cotton. * * * "

But appellants contend that the substantial evidence rule does not apply to depositions, and urge circumstances in evidence as showing that plaintiff's version of the transaction is incredible. We cannot go into that. There were no findings as to those circumstances, and none were requested. A conclusion supporting a judgment will not be reviewed on the facts in the absence of specific findings or requests therefor. McKee v. Woods, 35 N. M. 168, 291 P. 292; Harris & Maldonado v. Sperry, 35 N. M. 52, 290 P. 1022, and cases cited.

The judgment will be affirmed, and the cause remanded.

It is so ordered.

BICKLEY, C. J., and SADLER, J., concur.

PARKER and HUDSPETH, JJ., did not participate.