**136 P.2d 479**

**CARLISLE v. WALKER et al.**

**No. 4757.**

Supreme Court of New Mexico.

April 17, 1943.

Lee R. York, of Hobbs, for appellant.

John R. Brand, of Hobbs, for appellees.

BICKLEY, Justice.

Appellant sued defendant for damages alleged to have been caused to his person and his automobile on March 18, 1941, due to the negligent operation by defendant of a truck under his control. Defendant denied that he was negligent and alleged that plaintiff's injuries, if any, were due to and caused solely by his own negligence. The case was tried by the court without a jury.

The court rendered judgment against plaintiff and in favor of defendant which incorporated a general finding that the plaintiff had failed to sustain the allegations of his complaint to the effect that the damages suffered by him were caused by the negligence of the defendant's agents, and further that the plaintiff had been guilty of negligence in failing to signal his intention to turn and stop his car while proceeding along a public highway, which negligence on his behalf was the sole and proximate cause of the collision and the consequent damages. It was admitted in plaintiff's reply to defendant's answer that he gave no signal when turning off the road to the right.

No other findings of fact or conclusions of law were made in the case.

Neither party requested or tendered specific findings and conclusions.

Appellant assigned errors as follows:

"1. The court erred in failing to file separate findings of fact and conclusion of law.

"2. The evidence and pleadings do not support the judgment of the court."

■ As to the first assignment of error, it is sufficient to call attention to sub-paragraph (6) of the fourth paragraph of Rule 52 of Rules of Civil Procedure as follows: "A party will waive specific findings of fact and conclusions of law if he fails to make a general request therefor in writing, or if he fails to tender specific findings and conclusions."

■ The record in the case at bar does not invoke a review of the evidence. Harris & Maldonado v. Sperry, 35 N.M. 52, 53, 290 P. 1022.

■ The decision in the foregoing case was cited in Davis et al. v. Tarbutton, 35 N. M. 393, 298 P. 941, 942, to the proposition "A conclusion supporting a judgment will not be reviewed on the facts in the absence of specific findings," and in Standard Oil Co. v. Brown, 40 N.M. 18, 52 P.2d 1089, we said: "We will not review the evidence to see whether it supports the general findings in the judgment where there has been no requested findings of fact." Citing Harris & Maldonado v. Sperry, supra.

As to assignment No. 2, appellant argues that as there is no evidence to support the judgment, the court committed fundamental error which may be availed of without exception. This contention is without merit.

Finding no error in the record, the judgment is affirmed.

It is so ordered.

SADLER, MABRY and BRICE, JJ., concur.

ZINN, C. J., did not participate.