164 P.2d 378

**PRATER v. HOLLOWAY.**

No. 4882.

Supreme Court of New Mexico.

Dec. 11, 1945.

Carl H. Gilbert, of Santa Fe, for appellant.

Frazier & Quantius, of Roswell, for appellee.

MABRY, Chief Justice.

This is an appeal from a final judgment of the District Court of Lea County resulting from an action of ejectment brought by appellee Prater against appellant Holloway. The land involved was part of a large tract owned originally by one E. H. Byers and wife.

The appellee claimed the right to the possession of the property under a lease from Mr. and Mrs. Byers to J. R. and J. E. Overstreet, executed in 1937, having an original term which expired in March, 1938, and containing an option to the lessees to renew the term from year to year for ten additional years. The right to possession was claimed by appellee as of September 10, 1943. It was the appellee's contention that the lease had been transferred by various assignments and that he had finally succeeded to the interest of the lessees on June 16, 1943.

Appellant claimed an equitable title to the property through purchase from subdividers with whom Mr. and Mrs. Byers had entered into a contract in 1930, duly recorded in that year, under which the subdividers agreed to subdivide the tract and sell lots to the public, the grantors agreeing to issue deeds to the purchasers upon being paid by the subdividers seventy-five per cent of the purchase price. The evidence that appellant had purchased and fully paid for the lots in 1930 was not controverted. It is conceded that she had never received a deed.

The trial court held that appellee had acquired the lease under which he claimed without notice of appellant's equity or claim and that appellee's rights were, therefore, superior to those of the appellant. There was, however, no evidence, appellant claims, that appellee had either paid a valuable consideration for the assignment to him of the lease or had ever paid any rental for the property.

It is claimed that the evidence of appellee's chain of title to the leasehold estate from the original lessees was "extremely sketchy"; and, as to a portion of the assignments necessary to complete that chain of title there was no evidence whatever as to any written instrument, contends appellant, who urges that the evidence of appellee's complete chain of title is insufficient in law, and that there is no evidence that appellant had actual possession of the property claimed at the time the ejectment suit was filed, all presenting interesting questions if we were called upon to consider the case on its merits.

Appellee contends that the trial court made no decision, findings of fact, or conclusions of law, as required by our Rules of Civil Procedure, 1941 Comp., Sec. 19-101 (52) (B) (a) (6); and, moreover, that since appellant made no specific requests therefor, and neither took exception or made objection to the judgment as entered, under this rule, she waived all findings or conclusions to be made by the court, and is not now in a position to challenge the judgment entered.

We inquire first into the contention that appellant is not in position under the state of the record to challenge the judgment. It is clear that neither party requested findings of fact or conclusions of law and appellant in no way excepted to the judgment entered by the court. This procedural question was raised by appellee on motion to dismiss the appeal, which question we reserved for consideration until the whole appeal could be considered. In Carlisle v. Walker, 47 N.M. 83, 136 P.2d 479, we said, in construing this rule, which was then Rule 52, par. 4, (6), that where no specific findings of fact are requested or made, this court will not review evidence to see whether it supports general findings, or judgment. Under this rule, contends appellant, by failing to make general written requests for specific findings of fact or conclusions of law, or to tender findings of fact or conclusions of law, appellee thereby waived such specific findings of fact and conclusions of law.

In the single document entitled "Judgment", in the case at bar, the trial court, as a preface and preliminary thereto recited:

"On this the 14th day of June, 1944, this cause came on to be heard before the Court, a jury having been waived, and the parties announcing ready for trial,

"The Court, after hearing the evidence of the interested parties, and argument of counsel, was of the opinion that the plaintiff should prevail; that at the time this action was brought he was legally entitled

to the possession, and had the right to the possession of the land in Lea County, New Mexico, described as Lots 1 to 6 inclusive, in Block 1, Byers Heights Addition to the Town of Hobbs; that the defendant at such time was wrongfully claiming the possession of the premises and was in possession thereof; that at the time plaintiff became entitled to the possession of the premises he had no notice of any claim of the defendant as to such premises;

"Plaintiff having in open court waived damages;"

Then the judgment continues with the conventional recital, "It is therefore ordered, adjudged and decreed that the plaintiff, L. M. Prater, have judgment * * *" etc.

Counsel for appellant urges that a portion of the recital to be found in the judgment as aforesaid could fairly be taken as findings, and, if that be allowable, then under the present rule of this court, Rule 52(B) (b), 1941 Comp., § 19-101, 52(B) (b), this court will review, upon appropriate challenge here, to determine the sufficiency of the evidence to support the findings, or judgment "whether or not the party raising the question has made in the district court an objection to such findings or has made a motion to amend them or a motion for judgment", Rule 52(B) (b). This rule is taken from the federal rule on the same subject; and, says appellant, we should feel bound by the interpretation given the rule in the federal courts prior to our adoption thereof as of August 1st, 1942, which, he concedes, would radically change our practice in this respect, followed over the years. Incidentally, appellee does not agree with appellant's construction of the rule or with the appraisal given by him of the federal court decisions touching upon it. However, this question we need not, and will not, further notice since it becomes unimportant how we would appraise the rule had findings been made.

Pertinent portions of the rule in question provide:

"(1) Upon the trial of any case by the court without a jury, its decision which shall consist of its findings of fact and conclusions of law, must be given in writing and filed with the clerk in the cause. In such decision the court shall find the facts and give its conclusions of law pertinent to the case, which must be stated separately.

"(2) The findings of fact shall consist only of such ultimate facts as are necessary to determine the issues in the case, as distinguished from evidentiary facts supporting them. Such findings shall be separately stated and numbered.

"(3) Each conclusion of law shall be separately stated and numbered.

"(4) The decision herein provided for shall be signed by the court and filed in the cause as a part of the record proper.

*  *  *  *  *  *

"(7) The decision shall be contained in a single document; provided, that an amended or supplemental decision may be

filed in the cause prior to entry of judgment; and, provided further, that findings or conclusions not embraced in the single document herein ordered, even though appearing elsewhere in the record, will be disregarded; but where the ends of justice require the cause may be remanded to the district court for the making and filing of proper findings of fact and conclusions of law."

█ Without enumerating the many shortcomings of the recitals in the judgment hereinbefore noted, and sought to be appraised as findings, or conclusions, as required by the rule, it is clear that we have no such decision by the trial court as is required by the rule; but, under the circumstances, and for reasons which need not here be stated, we feel that the ends of justice require a remand of this case to the district court that proper findings of fact and conclusions of law, as contemplated by the rule, Rule 52(B) (a) 7, supra, may be made and filed.

Therefore, the cause is hereby remanded to the district court with direction to make and file proper findings of fact and conclusions of law and to thereafter cause to be transmitted by supplemental transcript, in triplicate, such findings and conclusions, together with any proceedings had in connection therewith, for use on this appeal.

And, it is so ordered.

SADLER, BRICE, BICKLEY, and LUJAN, JJ., concur.