284 P.2d 672

Jack SCUDERI and Vera Scuderi,
Plaintiffs-Appellants,

v.

S. L. MOORE and Ara Moore,
Defendants-Appellees.

No. 5861.

Supreme Court of New Mexico.

May 31, 1955.

J. S. McGarry, Carlsbad, James M. H. Cullender, Roswell, for appellants.

William M. Siegenthaler, Artesia, Willard F. Kitts, Santa Fe, for appellees.

COMPTON, Chief Justice.

Appellants brought this action for rescission of an executory contract relating to the sale of real and personal property, and for damages for breach thereof. On January 12, 1953, for a consideration of $36,000 to be paid in annual installments, appellants agreed to convey to appellees certain real estate, consisting of a farm, together with personal property. The contract provided that appellees would keep the premises improved and farmed in a husbandry like manner, also that all farming tools to be conveyed under the contract, would be kept in good condition and repair.

Appellants allege the contract had been breached in various respects; particularly, that the land had not been improved, nor had it been properly cultivated. It is also alleged that the personal property had not been kept in a good state of repair. As a result, they sought rescission of the contract and damages for its breach in amount of $5,575.42. These allegations were put in issue by a general denial. Appellees counterclaimed, alleging that they had been damaged in excess of $9,000 by appellants' failure to comply with certain provisions of the contract. The cause was tried to the court and at the conclusion of the hearing, the contract was rescinded and appellees' counterclaim dismissed. In disposing of appellants' claim of damages, the court, in a single document entitled "Judgment", generally found that the proof sustained only one item of damages in amount of $197.45. Judgment was rendered accordingly and appellants bring the cause here for review.

Appellants assert that other items of damages are supported by substantial evidence and that the court erred in not so finding. The record in the case does not invoke a review of the evidence. Appellants took no exception to the form of judgment entered by the court nor did they request findings of their own. Where no specific findings of fact are requested or made, this Court will not review the evidence to see whether it supports the general findings or judgment. Duran v. Montoya, 56 N.M. 198, 242 P.2d 492; Carlisle v. Walker, 47 N.M. 83, 136 P.2d 479; Prater v. Holloway, 49 N.M. 353, 164 P.2d 378; Rule 52(b) (6), our Rules of Civil Procedure. The rule reads:

"A party will waive specific findings of fact and conclusions of law if he fails to make a general request therefor in writing, or if he fails to tender specific findings and conclusions."

Appellants argue that since there is no evidence to support the judgment, the court committed fundamental error, which may be raised here without exception. This contention is without merit. The doctrine of fundamental error has its place in our jurisprudence, State v. Garcia, 19 N.M. 414, 143 P. 1012, but it has no application here. Duran v. Montoya, supra, and Carlisle v. Walker, supra.

The judgment will be affirmed, and it is so ordered.

LUJAN, SADLER, McGHEE and KIKER, JJ., concur.