293 P.2d 652

James R. OWENSBY and Jessie C. Owensby, Appellants,

v.

Paul NESBITT, Appellee.

No. 5922.

Supreme Court of New Mexico.

Feb. 7, 1956.

Gore & Nieves, Clovis, for appellants.

Rowley, Davis & Hammond, Clovis, for appellee.

KIKER, Justice.

Motion for rehearing having been filed and considered, the conclusion has been reached that the former opinion entered in this case should be withdrawn and that the following should be substituted therefor.

### Opinion

Plaintiffs-appellants instituted suit for damages for injuries to the knee and hip of Jessie C. Owensby, one of the plaintiffs herein, which were injured, they alleged, by reason of defendant-appellee's negligent driving of his automobile and the resulting collision.

The case was tried to the court sitting without a jury. The trial court entered a judgment which contained the following:

"* * * the Court * * * finds:

That the damages complained of by the plaintiffs in this cause were not the result of any injury suffered by the plaintiff * * * in the accident described in plaintiffs' Complaint; * * * It is, therefore, ordered adjudged and decreed that the above-entitled cause be dismissed with prejudice to and at the cost of the plaintiffs."

Appellants' sole argument on the appeal in this case is that the finding of fact con-

·tained in the judgment, as quoted above, is not supported by substantial evidence.

·· The trial was had on the 3rd day of November, 1954. The judgment was entered on the 17th day of November, 1954. Neither of the parties requested findings of fact and conclusions of law before the judgment was prepared.

On November 26, 1954, within ten days after judgment was entered, the appellee presented to the court a request for a finding of fact as to contributory negligence, in addition to the single finding made in the judgment. The court refused the request for the finding, so neither of the parties can claim prejudice on account thereof, judgment being for appellee.

Appellants had from the 3rd to the 17th day of November, 1954, to make and file written requests for findings of fact and conclusions of law; and, after judgment was entered, still had ten days in which they might have asked the court to amend the finding previously made or to make additional findings and to amend the judgment accordingly. This right is given by Rule 52(c) of our Rules of Civil Procedure of the District Courts, which is as follows:

"(c) *Amendment.* Upon motion of a party made not later than ten days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59. When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the district court an objection to such findings or had made a motion to amend them or a motion for judgment."

At no time, we repeat, did appellants make any requests for findings of fact and conclusions of law. Appellants made no objections to the sole finding of fact the court made.

The rule above quoted was adopted from the Federal Rules of Civil Procedure. Before this court had placed a definite interpretation upon the rule, several federal courts of appeal had differed in their interpretation of it, as shown in the opinion written by Mr. Justice McGhee in Duran v. Montoya, 56 N.M. 198, 242 P.2d 492, 493, in which he said:

"It is true that some federal courts have construed the last sentence of the rule in accordance with the contention of appellant, as, for instance, Monaghan v. Hill, 9 Cir., 140 F.2d 31; but in Fleming v. Van Der Loo, · 82 U.S.D.C. 74, 160 F.2d 906, the Court · of Appeals of the District of Columbia held the rule should be construed in

connection with Rule 46, 28 U.S.C.A., Federal Rules of Civil Procedure, and the claimed error called to the attention of the trial court before a review of the evidence could be invoked on appeal.

"In Prater v. Holloway, 49 N.M. 353, 164 P.2d 378, the sentence in question was discussed but its effect was not decided. We have, however, since the adoption of the rule repeatedly held a party could not obtain a review of the evidence where he failed to make requested findings or file exceptions. See Carlisle v. Walker, 47 N.M. 83, 136 P.2d 479; Rubalcava v. Garst, 53 N.M. 295, 206 P.2d 1154; Teaver v. Miller, 53 N.M. 345, 208 P.2d 156; and Chavez v. Chavez, 54 N.M. 73, 213 P.2d 438. We do not feel these decisions should be overruled."

This court, several years ago, elected to adopt the construction placed upon the rule above quoted in Fleming v. Van Der Loo, supra, and we think that we should not now overrule the action of the court in so doing.

It cannot be said that appellants had no opportunity to file requested findings of fact or conclusions of law, or to make objections to the finding of fact made by the court in the judgment in this case; and the interpretation previously placed upon the rule above quoted, as shown by the above citation, leaves nothing before this court for consideration.

The judgment of the trial court should be and hereby is affirmed.

COMPTON, C. J., and LUJAN, SADLER, and McGHEE, JJ., concur.