375 P.2d 580

**Virgie Faye GILLIT, Widow, Claimant, Plaintiff-in-Error,**

v.

**THEATRE ENTERPRISES, INC., and Interstate Theatres, Inc., Employer, and Indemnity Insurance Company of North America, Insurer, Defendants-in-Error.**

No. 6772.

Supreme Court of New Mexico.

Oct. 23, 1962.

Paul (Pablo) Marshall, Socorro, Pardue, Metcalf & Garner, Lubbock, Tex., for plaintiff-in-error.

Iden & Johnson, Robert W. McCoy, Albuquerque, for defendants-in-error.

H. VEARLE PAYNE, District Judge.

Virgie Faye Gillit, a widow, filed suit under the Workmen's Compensation Act against Theatre Enterprises, Inc., and Interstate Theatres, Inc., as employer, and Indemnity Insurance Company of North America, as insurer, for compensation for the death of her husband, Price Gillit, on January 16, 1952. In this action she was represented by William C. Briggs, an attorney of Albuquerque, New Mexico. On the same day an answer was filed by the employers and insurer, by Iden and Johnson, attorneys of Albuquerque, New Mexico. Also, on the same day a stipulation was filed which was signed by the respective attorneys and a judgment was entered by the court which was approved by the attorneys. Under this stipulation and judgment the claimant was to receive the statutory funeral allowance, medical expenses which had been incurred, and was to receive $30.00 per week for 550 weeks subject to modification of the judgment in case of remarriage, death, or other changes in the claimant's condition.

The workman, Price Gillit, left surviving him his widow, Virgie Faye Gillit, and two children, William Charles Gillit and Velda Faye Gillit, both of whom live with their mother and stepfather in Texas, which children were dependents of Price Gillit. They

were not named as claimants in the original proceedings since the widow was the proper party to make claim.

On August 4, 1959, a motion to open and modify judgment was filed by the insurer showing that on March 2, 1957, Mrs. Gillit had married Samuel Raymond Hale and alleging that notice of the remarriage had not been given the insurer and that it had continued to pay the original claimant, Virgie Faye Gillit, and that it had overpaid her the sum of $3,222.84. The motion further alleged that said sum should have been paid to someone appointed by the court to receive the same for the benefit of the children but that the mother, to whom it was paid, was their natural guardian and used and expended the same for the children. The insurer asked for authority to offset that amount against any sum due the children for the period in question and asked for a hearing on the motion and for the appointment of an attorney by the court to represent Virgie Faye Gillit Hale, since she and the children were then nonresidents of the state of New Mexico.

On August 26, 1959, the court appointed Burns Errebo, an attorney in Albuquerque, to represent Virgie Faye Gillit also known as Virgie Hale, and entered its order to show cause why the relief should not be granted.

On November 17, 1959, the firm of Modrall, Seymour, Sperling, Roehl & Har-ris, by Burns H. Errebo, the court appointed attorney, filed an answer to the order to show cause and attached an affidavit from Virgie Gillit Hale to the effect that she had used the money for the benefit of the children. Thereafter, on December 4, 1959, the district court of Bernalillo County entered its order terminating the duty of the insurer to pay Mrs. Hale the $30.00 per week as of March 26, 1957, and crediting the insurance company with the overpayment to Mrs. Hale on the amount due the children, and finding that the children were entitled to a balance of $907.50 at the rate of $15.00 per week commencing on January 1, 1960, for a period of 60.5 weeks in full satisfaction of the judgment.

No appeal was taken from this order but the firm of Chavez and Cowper by Paul (Pablo) Marshall filed a motion to reopen the judgment and for a rehearing thereon, on January 25, 1960. The court granted the motion to reopen the case and set March 25, 1960, as the time for hearing on the matter. On February 4, 1960, the insurer, by Iden & Johnson, its attorneys, filed a motion to set aside the order for rehearing and on the same day the court did set aside the order for the reason that no notice to the insurer of such proposed action had been given.

On February 18, 1960, Paul (Pablo) Marshall, as attorney for Virgie Gillit Hale, mother and natural guardian of the children, filed a motion to reopen the case. A hear-

ing was held on this motion at which the defendants were represented by Iden & Johnson, their attorneys. Burns Errebo, the court appointed attorney, appeared, representing the claimant, and Paul (Pablo) Marshall appeared contending that he had succeeded as claimant's attorney, and after due hearing the court's order was entered on April 28, 1960.

The court made its order which contained findings to the effect that the representation of the claimant and her minor children had been competent and adequate at all times, including the hearing on December 4, 1959, and at the hearing which resulted in this order on April 28, 1960, and that all the hearings had been regular and proper in all respects. The court further found that evidence and a fair presentation of the facts and the law had been presented to the court before the entry of the judgment on December 4, 1959. The court further found there was no dispute that the decedent's beneficiaries were entitled to compensation benefits at the maximum rate provided by law. It found that Paul (Pablo) Marshall had not followed the statute to be substituted as attorney for Mrs. Gillit. The court further found that the claimant had been fully advised of her rights as well as the rights of her children and that all of these rights had been adequately protected.

It is really this judgment, dated April 28, 1960, which is before this court for review. It is true that later the court entered an or-der, nunc pro tunc, correcting the order of December 4, 1959, so as to increase the benefits of the children to the rate of $17.00 per week and provided that payments should be for 85.9 weeks commencing January 1, 1960, but this order was not resisted by anyone. The plaintiff-in-error merely mentioned this to substantiate her view that the children were not properly represented in December, 1959.

The defendants-in-error moved to dismiss the appeal for the reason that the time to appeal from the judgment of December 4, 1959, had expired before the writ of error was sought. This court overruled the motion but held that the writ of error would be confined to a review of the order dated April 28, 1960. Hence, that order is the only one for review at this time.

The record indicates that the hearing on the motion to reopen the judgment was held on March 25, 1960. The order denying this motion was not entered until the 28th day of April, 1960, more than a month later. The record does not indicate that either party requested any findings prior to the entry of the judgment on April 28th. The judgment itself included the court's findings and conclusions. Hence, it will be concluded that the parties waived the requesting of findings and conclusions and the findings and conclusion of the lower court will be binding upon this court.

Rule 52(b) (6), Rules of Civil Procedure, provides that if a party fails to make a gen-

eral request for findings and conclusions, in writing, or if he fails to tender specific findings and conclusions, he thereby waives them.

■ This court has held that if any party fails to request specific findings and conclusions he may not contend on appeal that the judgment of the lower court was not supported by the evidence. Teaver v. Miller, 53 N.M. 345, 208 P.2d 156; Owensby v. Nesbitt, 61 N.M. 3, 293 P.2d 652.

The requested findings were not filed within ten days after the entry of judgment. Rule 52(c), Rules of Civil Procedure, (§ 21–1–1(52) (B) (b), N.M.S.A., 1953 Comp.), does have a provision that a court may amend its findings or make additional findings if motion is filed not later than ten days after the entry of judgment making such a request. However, there is nothing to show that a motion was filed nor that the requests were ruled upon by the court. The last line of the above mentioned Rule 52(c), indicates that a party may raise the question of the sufficiency of the evidence to support a judgment even if no objection is made in the lower court. However, we have previously held that where no requested findings are made and no exception made to the court's findings, the party so failing cannot obtain a review of the evidence. Owensby v. Nesbitt, supra.

■ It is true that Mr. Marshall, purporting to act as attorney for plaintiff-in-error, filed requested findings of fact and conclusions of law on May 9, 1960, on the very day that he filed the application for writ of error. There is nothing in the record to show that this was ever presented to the trial judge nor that the trial judge ever ruled upon the requests. In fact, the writ of error was issued by this court on May 12, 1960, just three days after the requested findings and conclusions were filed. Hence, these requested findings and conclusions came too late and this court cannot consider them, since they were not presented to and considered by the lower court so far as the record indicates. There is nothing in the record to indicate that the plaintiff-in-error was deprived of the right to present requests to the trial judge and have him rule on them prior to entry of his order. For the foregoing reasons we do not feel that we have any right to reconsider nor to set aside the findings and conclusions of the lower court.

The only question we might determine is whether or not the conclusion of the court, based on the findings contained in the judgment, is erroneous. Taking these facts to be true, we hold that the motion to reopen the judgment was properly denied by the lower court and that there was no error in the entry of the judgment.

Although not necessary to this opinion, we might add just a word about the claim of the plaintiff-in-error that the plaintiff-in-error and her children have not had their

day in court and that we should not overlook the right of the layman to be adequately represented in the lower court. The plaintiff-in-error made nine assignments of error. Most of them applied to the judgment of December 4, 1960, which we have held cannot be reviewed by us. We have not overlooked these assignments but we feel that what we have said disposes of each of them.

With regard to the substantial rights of the parties, it might be pointed out that the orders of the court provided for payment of the full amount payable under the Workmen's Compensation Act. The only question was whether the money should have been paid to the children directly after the mother remarried. Under the Act, § 59–10–18.7, subd. C, N.M.S.A., 1953 Comp., the court could either order it paid to the dependents or "to the person appointed by the court to receive the same for the benefit of the dependents * * *." It is true that the insurance company made payments to the mother in the sum of $3,222.84 after her remarriage without first getting an order to do so. But in the order of December 4, 1959, the court appointed the mother as the person to receive the payments for the children, nunc pro tunc, as of the date of her marriage. It further found that the mother had properly accounted for the use of the money, which, by her sworn statement, had been actually used for the children. This order was not appealed from and is binding upon this court. We might say in passing, that the mother is in no position to complain individually and that as the person appointed to receive the money for the benefit of the children she has accepted representation by those appointed by the court and has made the accounting to the court and has sworn that the money was actually used for the benefit of the children.

The plaintiff-in-error has also contended that the children did not receive the amount specified under the Workmen's Compensation Act. We have examined the Act and find that this contention is without merit.

We hold that the order of December 4, 1960, was not appealed from and is binding upon the parties and is not subject to review. We further hold that the findings in the order of April 28, 1960, were not objected to and that no requested findings were timely made and the court's findings cannot now be attacked, and that the conclusion of the court, based on these findings, is correct.

For all of the foregoing reasons, the judgment of the lower court is hereby affirmed.

It is so ordered.

CARMODY and NOBLE, JJ., concur.