415 P.2d 360

**Betty N. SPEECHLY, Plaintiff-Appellant,**

**v.**

**Fredrick D. SPEECHLY, Defendant-Appellee.**

**No. 7781.**

Supreme Court of New Mexico.

May 16, 1966.

Rehearing Denied June 22, 1966.

McAtee, Toulouse, Marchiondo Ruud & Gallagher, Mary C. Walters, Albuquerque, for appellant.

Shaffer & Butt, Clarence R. Bass, Albuquerque, for appellee.

SPIESS, Judge, Court of Appeals.

Plaintiff (appellant), Betty N. Speechly, was granted a divorce in this action from defendant (appellee), Fredrick D. Speechly. In addition to granting the divorce and deciding other issues between the parties not pertinent to this appeal, the trial court determined the rights and interests of the parties in all property in their possession and control. The parties agreed upon a division of certain of the property and it was, accordingly, so divided. They were, however, unable to agree as to the extent of their interests in remaining property. As a result, the court, after hearing, determined such remaining property to be owned solely and separately by the defendant. From this decision, plaintiff has appealed.

The property in controversy between the parties consists of corporate stock which defendant inherited from his deceased father and also the proceeds of the sale of certain stock which defendant had likewise inherited. Plaintiff claims that her interest in the property was acquired by gift from the defendant, and in support of the contention so made, she refers to a number of evidentiary facts. Defendant, on the other hand, denies having made a gift to plaintiff of any interest whatsoever in the property in controversy and points to certain evidentiary facts which he states bear out his contention.

As has been stated, the judgment of the trial court determined the property in controversy to be the sole and separate property of the defendant. Neither party tendered nor requested findings of fact or conclusions of law, nor were separate findings or conclusions made by the court. We feel it appropriate to say here that counsel appearing for plaintiff in this court did not participate in the hearing below.

It is clear that a consideration of the merits of the appeal would of necessity require a review of the evidence. Rule 52(B) (a) (6) (§ 21–1–1(52) (B) (a) (6), N.M.S.A.1953) expressly provides that a party waives specific findings if he fails to tender them or make a request therefor in writing. We have repeatedly held that a review of the evidence is not available to a party who has so failed. Edington v. Alba, 74 N.M. 263, 392 P.2d 675; Gillit v. Theatre Enterprises, Inc., 71 N.M. 31, 375 P.2d 580; Owensby v. Nesbitt, 61 N.M. 3, 293 P.2d 652.

**392**

In an effort to avoid the effect of the rule preventing such review, the plaintiff says that the question for decision is one of law, that is, whether a completed inter vivos gift had been made by conduct of the alleged donor. We do not agree that the issue presented is limited to a question of law.

In the absence of a review of the facts, we would be unable to determine whether the court correctly ruled on the law. Des Georges v. Grainger, 76 N.M. 52, 412 P.2d 6. We find nothing in Des Georges v. Grainger, supra, requiring a different result here.

The federal cases cited by plaintiff are not applicable for the reason that they are based upon or construe the federal rule which differs from rule 52(B) (a) (6), supra.

Upon authority of Prater v. Holloway, 49 N.M. 353, 164 P.2d 378, appellant has suggested that this cause be remanded to the end that specific findings of fact and conclusions of law be made by the trial court. We are unconvinced.

In accordance with the interpretation placed upon the above rule by the decisions of this court, cited above, there remains nothing for consideration by this court.

The judgment of the trial court should be and is hereby affirmed. It is so ordered.

CARMODY, C. J., and MOISE, J., concur.