432 P.2d 255

Rex KIPP, Jr., John Muir Kipp and William Marble Kipp, d/b/a Rex Kipp & Sons Ranch, a Partnership, Plaintiffs-Appellees,

v.

Carry J. McBEE, Defendant-Appellant.

No. 8387.

Supreme Court of New Mexico.

Oct. 2, 1967.

Benjamin M. Sherman, Deming, for appellant.

Garland, Martin & Martin, Las Cruces, for appellees.

## OPINION

COMPTON, Justice.

This action was brought in the district court of Grant County seeking to have a certain road declared a public road, thereby requiring the defendant to install cattle-guards as well as gates in his fence where

it intersects the road in four places. Upon entry of judgment in favor of the plaintiffs, the defendant appeals.

The resident judge recused himself and the Honorable W. T. Scoggin was designated to try the case. Trial was held August 25, 1966, and, at the conclusion of the hearing, the court allowed the parties until September 1, 1966 to submit written briefs. On September 1, 1966, the court signed a judgment finding the issues in favor of the plaintiffs without prior indication to the parties of his decision in the case.

The defendant contends that he was denied an opportunity to submit findings and conclusions. We must disagree; by his own failure in this regard, he waived this right to submit findings and conclusions. A copy of the judgment was sent to opposing counsel along with a letter advising them that a hearing on findings would be held on September 14, 1966. The defendant, noting that the resignation of the Honorable W. T. Scoggin had been tendered and accepted on September 6, 1966, did not appear and participate at the September 14, 1966 hearing although Judge Scoggin's successor had not then qualified. He made no general request in writing for findings nor did he tender specific findings and conclusions until September 27, 1966.

Rule 52(B) (a) (6), § 21–1–1(52) (B) (a) (6), N.M.S.A.1953, provides:

"A party will waive specific findings of fact and conclusions of law if he fails to make a general request therefor in writing, or if he fails to tender specific findings and conclusions."

The purpose of the hearing on September 14, 1966 was to allow the parties to submit their requests.

Defendant contends that our rules contemplate that a written decision containing findings of fact and conclusions of law be entered prior to entry of judgment. While we fully agree with his position, Gilmore v. Baldwin, 59 N.M. 51, 278 P.2d 790,

no timely motion was made by the parties to amend the findings or the judgment. Rule 52(B) (b), § 21–1–1(52) (B) (b), N. M.S.A.1953.

The defendant makes the point that the court's findings are not supported by substantial evidence, hence, we are asked to review the evidence. We point out here that while Rule 52(B) (b) allows review of the evidence, that provision applies only when the party asking for a review had timely requested findings and conclusions in compliance with Rule 52(B) (a) (6). Owensby v. Nesbitt, 61 N.M. 3, 293 P.2d 652; and Duran v. Montoya, 56 N.M. 198, 242 P.2d 492.

We conclude that by defendant's failure to timely request findings of fact and conclusions of law, he waived the same and that he cannot now obtain a review of the evidence on appeal. Edington v. Alba, 74 N.M. 263, 392 P.2d 675; Gillit v. Theatre Enterprises, Inc., 71 N.M. 31, 375 P.2d 580; and Owensby v. Nesbitt, supra.

The judgment must be affirmed.

It is so ordered.

CARMODY, J., and OMAN, J., Ct. App., concur.