467 P.2d 25

KRUTZNER CORPORATION, a/k/a Pepsi-Cola Bottling Company, Petitioner-Appellee and Cross-Appellant,

v.

CITY OF LAS VEGAS, a municipal corporation, Fidel Chief Gonzales, as Mayor thereof; Ernest Chavez, Carlos D. Gallegos, Erminio Garcia, Don Guerin, Max Madrid, Alfonso E. Ortiz, Jr., Pat Romero and Willie Sanchez, as Members of the Council thereof, Respondents-Appellants and Cross-Appellees.

No. 8863.

Supreme Court of New Mexico.

March 30, 1970.

H. E. Blattman, Roberto L. Armijo, Las Vegas, for appellants.

Leon Karelitz, Las Vegas, for appellee.

## OPINION

MOISE, Chief Justice.

This is an appeal by the City of Las Vegas from the judgment of the district court reversing the decision of the City Commission which upheld the action of its Zoning Commission denying appellee a change of classification from R–1 to M–1 of a tract of land containing 1.616 acres, on which appellee had operated a soft drink bottling plant since 1947, and denying a special exception for hardship reasons.

Since adoption of the original zoning ordinance in 1961 and a second Comprehensive Zoning Ordinance in 1966, the property in question has existed as a non-conforming use in an area zoned R–1 (single family residential) which use could continue indefinitely. However, limitations and restrictions were imposed by the ordinance against expansion for bottling plant purposes (a variance permitting construction of a warehouse on the property was granted in 1964), and accordingly appellee sought the zone change denied by the Zoning Commission and, in turn, by the City Commission.

The appellant asserts a duty in the trial court to review the proof presented to the Zoning Commission and upheld by the City Commission, and to decide the case solely thereon and, further, that such a review clearly discloses an absence of arbitrary, capricious or fraudulent action by appellant.

After trial the district court filed its decision in which exhaustive findings of fact and conclusions of law were set forth. Appellant neither requested any particular findings, nor has it attacked the findings made by the court. Over and beyond this, while now complaining that the trial court undertook to try the issues de novo and that the findings are based on such de novo hearing, no complaint was made to the trial court that it was proceeding improperly. Accordingly, the findings made cannot be attacked here, and are the facts upon which we must decide the case. Hamilton v. Woodward, 78 N.M. 633, 436 P.2d 106 (1968); Kipp v. McBee, 78 N.M. 411, 432 P.2d 255 (1967); Owensby v. Nesbitt, 61 N.M. 3, 293 P.2d 652 (1956). Because of its close similarity, in that involved was an

appeal from district court judgment overruling City Commission's action where findings and conclusions were not requested, we call attention to Peace Foundation, Inc. v. City of Albuquerque, 76 N.M. 757, 418 P.2d 535 (1966). The rule there announced is applicable here.

 The record does not support the assertion that the district court hearing was de novo. Rather, it appears that portions of the record were not available to be certified to the court, and the court accordingly took proof in connection with such omissions. This accords with the procedure for review as set forth in § 14-20-7, N.M.S.A.1953 (Repl. Vol. 3, N.M. S.A.). The section in question specifically provides, in subsection (D):

"If, at the hearing, it appears to the court that testimony is necessary for the proper disposition of the matter, it may take evidence or appoint a referee to take such evidence as it may direct and report the same to the court with his findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which the determination of the court shall be made. The court may reverse, affirm or modify the decision brought up for review."

Accordingly, we see no error in taking evidence as was done by the court. The rule here is based on a different statute than the one applicable in Llano, Inc. v. Southern Union Gas Co., 75 N.M. 7, 399 P.2d 646 (1964), and accordingly a different result follows. In addition, as already noted, appellant did not complain to the trial court that it could not consider additional evidence. It must follow that such a contention, not being jurisdictional, cannot be advanced here for the first time. Supreme Court Rule 20(1), (2), [§ 21-2-1(20) (1), (2), N.M.S.A.1953]; DeVilliers v. Balcomb, 79 N.M. 572, 446 P.2d 220 (1968); McDonald v. Artesia General Hospital, 73 N.M. 188, 386 P.2d 708 (1963).

What has been said above also answers appellant's additional point. It argues that appellee had failed to exhaust its administrative remedies in its request for a special exception under the Zoning Ordinance. Although it appears appellant relied on this issue in its pleadings, it did not complain of a finding of fact establishing that appellee did in fact exhaust its remedies, and appellant is accordingly bound thereby. Schreiber v. Armstrong, 70 N.M. 419, 374 P.2d 297 (1962), and other cases cited in the discussion of the first issue above.

No reversible error having been established, the judgment of the trial court is affirmed. It is so ordered.

WATSON, J., and J. V. GALLEGOS, District Judge, concur.