495 P.2d 1075

**WAGNER LAND AND INVESTMENT COMPANY et al., Plaintiffs-Appellants,**

v.

**Ida May HALDERMAN and Ray Halderman, Defendants-Appellees.**

**No. 9323.**

Supreme Court of New Mexico.

March 17, 1972.

Rehearing Denied April 19, 1972.

Arthur H. Coleman, Santa Fe, for plaintiffs-appellants.

David F. Boyd, Jr., Peter J. Broullire, III, Albuquerque, for defendants-appellees.

OPINION

MONTOYA, Justice.

Plaintiffs-appellants brought this suit in the District Court of Torrance County against defendants-appellees seeking to quiet title to certain realty located in that county. Defendant Ida May Halderman filed her answer denying plaintiffs' claim, asserting several affirmative defenses. Both parties filed motions for summary judgment. The trial court made no ruling on the motions and the cause was submitted to the trial court for decision, based upon the pleadings, affidavits, and depositions on file. On April 16, 1971, the court entered its judgment containing findings of fact and conclusions of law dismissing the plaintiffs' complaint with prejudice. The judgment included a finding that the defendant Ida May Halderman, during the pendency of the suit, had conveyed her interest to Ray Halderman. By order entered on the same date as the entry of the judgment, Ray Halderman was made a party defendant.

Plaintiffs appeal from the judgment of the trial court, contending that they are the

owners of the property in question; that they were not divested of title to the property by the exercise of an option by the defendants to repurchase the property given by plaintiffs' predecessor in title; and that they were not divested of title by the issuance of a tax deed to defendant Ida May Halderman by the State of New Mexico, or by adverse possession. In summary, plaintiffs seek a review of the evidence, contending that it does not support the judgment entered by the trial court.

Defendants contend inter alia that the plaintiffs, not having timely filed their requested findings of fact and conclusions of law, are not entitled to a review of the evidence by this court.

The chronology of events material to the determination of this appeal is as follows:

(1) March 17, 1971: Requested findings of fact and conclusions of law filed by defendants.

(2) April 16, 1971: Order joining Ray Halderman as a party defendant and granting him leave to adopt amended answer and requested findings theretofore filed as his own.

(3) April 16, 1971: Judgment of dismissal with prejudice entered.

(4) May 17, 1971: Motion by plaintiffs seeking relief from judgment or, in the alternative, allowing them to file requested findings nunc pro tunc, as of April 15, 1971.

(5) May 17, 1971: Notice of appeal filed by plaintiffs.

(6) June 28, 1971: Order both permitting plaintiffs to file their requested findings nunc pro tunc as of April 15, 1971, and refusing to adopt them.

(7) June 28, 1971: Requested findings of fact and conclusions of law filed by plaintiffs.

■ Defendants argue that the trial court was without jurisdiction to allow the filing of plaintiffs' requested findings of fact subsequent to the entry of judgment. Plaintiffs contend that the trial court's judgment is not supported by the evidence. We have repeatedly held that there can be no review of the evidence on appeal where the party seeking the review has failed to submit requested findings of fact and conclusions of law. McNabb v. Warren, 83 N.M. 247, 490 P.2d 964 (1971); Speechly v. Speechly, 76 N.M. 390, 415 P.2d 360 (1966); Owensby v. Nesbitt, 61 N.M. 3, 293 P.2d 652 (1956).

The crucial question is whether the plaintiffs requested findings were timely filed, and whether the trial court had jurisdiction to permit their filing nunc pro tunc as of April 15, 1971, the day before the entry of the final judgment.

An examination of the record reveals that plaintiffs did not request permission from the trial court to file requested findings until May 17, 1971, some twenty-nine days after the entry of judgment. Rule 52(B)(a)(6), Rules of Civil Procedure (§ 21–1–1(52)(B)(a)(6), N.M.S.A., 1953 Comp.), provides that a party will waive specific findings of fact and conclusions of law if he fails to make a general request therefor in writing, or if he fails to tender specific findings and conclusions. Rule 52(B)(b), Rules of Civil Procedure (§ 21–1–1(52)(B)(b), N.M.S.A., 1953 Comp.), allows only ten days after entry of judgment for the filing of a motion to have the court amend its findings, or make additional findings, and to amend the judgment accordingly. No such motion was filed within ten days in the instant case. Additionally, under the terms of Rule 6(b), Rules of Civil Procedure (§ 21–1–1(6)(b), N.M.S.A., 1953 Comp.), the court cannot extend or enlarge the time for taking any action under Rule 52(B)(b), supra, except under the conditions stated in such Rule. No provision for extending the time is contained in Rule 52(B)(b), supra.

In plaintiffs' motion for relief from judgment, plaintiffs admit that on or about March 17, 1971, the defendants served them with notice that the trial court would settle requested findings of fact and conclusions of law on April 15, 1971.

We next consider the effect of § 21–9–1, N.M.S.A., 1953 Comp. Under the terms of this statute, the district court retains control of its judgments and decrees for a period of thirty days after the entry thereof, and for such further time as may be necessary to enable the court to pass upon and dispose of any motion directed against such judgment. The statute also requires the court to rule upon such motions within thirty days after filing. Under the statute, failure to rule is deemed a denial of the motion. In the instant case, the motion for relief from the judgment was filed in the trial court on May 17, 1971. The motion was not acted upon by the trial court until June 28, 1971. No ruling having been made during the required thirty days, the motion was denied by operation of law. See National American Life Insurance Co. v. Baxter, 73 N.M. 94, 385 P.2d 956 (1963). In view of the foregoing, we hold that the trial court was without jurisdiction to permit the filing of plaintiffs' requested findings of fact and conclusions of law.

Defendants further question the authority of the trial court to permit the filing of requested findings and to rule upon them after the notice of appeal had been filed. This court has held that the trial court loses jurisdiction of the case upon the filing of the notice of appeal, except for the purposes of perfecting such appeal, or of passing upon a motion directed to the judgment pending at the time. Mirabal v. Robert E. McKee, General Contractor, Inc., 74 N.M. 455, 394 P.2d 851 (1964); National American Life Insurance Co. v. Baxter, supra.

We hold that plaintiffs' failure to timely request findings of fact and conclusions of law constitutes a waiver of same, and that they cannot obtain a review of the evidence on appeal. Kipp v. McBee, 78 N.M. 411, 432 P.2d 255 (1967). Therefore, the findings and conclusions, as made by the trial court, are binding upon us. Our ruling forecloses consideration of plaintiffs' contentions which seek a review of the evidence.

The judgment of the trial court is affirmed.

It is so ordered.

COMPTON, C. J., and STEPHENSON, J., concur.