500 P.2d 178

**Henrietta MACNAIR, Plaintiff-Appellee,**

v.

**Robert F. STUEBER, Defendant-Appellant.**

**No. 9404.**

Supreme Court of New Mexico.

Aug. 4, 1972.

93

Rhodes & McCallister, Jerry P. Rhodes, Albuquerque, for defendant-appellant.

Louis B. Ogden, O. R. Adams, Jr., Albuquerque, for plaintiff-appellee.

OPINION

OMAN, Justice.

Defendant appeals from a judgment awarding plaintiff, a licensed real estate broker, the sum of $6,700.00 for services rendered in bringing together defendant and another person who executed a contract for the exchange of real estate. We affirm.

In his brief in chief defendant has demonstrated either a disregard for or a lack of familiarity with Supreme Court Rule 15(16) (a), (b) and (c), [§ 21–2–1(15) (16) (a) (b) and (c), N.M.S.A.1953 (Repl. Vol. 4, 1970)], District Court Rule 52(B) (a) (5), (6), (7), (8) and (b), [§ 21–1–

1(52) (B) (a) (5), (6), (7), (8) and (b), N.M.S.A.1953 (Repl. Vol. 4, 1970)], and the decisions of this Court relative to the application and effect of these rules.

This case was tried twice. At the conclusion of plaintiff's case on the first trial, the trial court sustained defendant's motion to dismiss the complaint. However, the trial court later sustained plaintiff's motion for a new trial and the case was again tried. It is from the judgment entered in favor of plaintiff after the second trial that defendant appeals.

■ On oral argument before us, defendant's attorney stated he had prepared and handed to the trial judge after the first trial some requested findings of fact and conclusions of law. However, no such findings and conclusions appear in the record, no claim was made in this Court prior to the oral argument that any such findings and conclusions were ever submitted to the trial court, and in the trial court's decision, a copy of which was mailed to defendant's attorneys on January 25, 1971, it is expressly recited in the prefatory sentence: " * * * and the defendant herein having failed to request findings of fact and conclusions of law * * *." In any event, matters not of record are not before us on appeal. Supreme Court Rule 17(1), [§ 21–2–1(17) (1), N.M.S.A.1953 (Repl. Vol. 4, 1970)]; State ex rel. State Highway Commission v. Sherman, 82 N.M. 316, 481 P.2d 104 (1971); Westland Development Co. v. Saavedra, 80 N.M. 615, 459 P.2d 141 (1969); Adams v. Loffland Brothers Drilling Company, 82 N.M. 72, 475 P.2d 466 (Ct.App.1970).

The findings of the trial court essential to a determination of the issues presented on this appeal were that: (1) defendant agreed by written instrument to pay plaintiff a commission in the amount of $6,700.-00 in the event of an exchange of properties described in the instrument; (2) pursuant to the agreement, plaintiff brought defendant and the owner of the other property together; (3) defendant and the other owner entered into a written agreement for the exchange of their properties; and (4) defendant has failed and refused to pay plaintiff the commission of $6,700.-00.

As above indicated, the trial court's decision, consisting of findings of fact and conclusions of law, was entered on January 25, 1971, which was some seven weeks after plaintiff had submitted and mailed to defendant a copy of her requested findings of fact and conclusions of law and some eleven weeks after the trial of the case. The judgment for plaintiff, approved as to form by defendant's attorney, was entered on February 5, 1971. On March 8, 1971, defendant filed requested findings of fact, requested conclusions of law, and a notice of appeal from the judgment to the New Mexico Court of Appeals. Reference to a facsimile of the face of a clock, which was stamped on each of these instruments filed by defendant, shows the instruments were all filed simultaneously, and defendant's attorney conceded on oral argument that they were so filed. Since the appeal was taken to the wrong court, the New Mexico Court of Appeals transferred the case to this Court pursuant to § 16–7–10, N.M.S.A.1953 (Repl. Vol. 4, 1970).

■■ Defendant's requested findings of fact and conclusions of law were not timely filed and copies thereof were not served upon opposing counsel as required by District Court Rule 52(B) (a), (6), (7), (8) and (b), supra. Obviously and concededly, they were never submitted to or considered by the trial court. Under these circumstances we cannot consider them and defendant may not now contend the judgment is not supported by the evidence. Wagner Land and Investment Co. v. Halderman, 83 N.M. 628, 495 P.2d 1075 (1972); Kipp v. McBee, 78 N.M. 411, 432 P.2d 255 (1967); Gillit v. Theatre Enterprises, Inc., 71 N.M. 31, 375 P.2d 580 (1962). He is also precluded from questioning the trial court's findings of fact by reason of his failure to challenge these findings on appeal as required by Supreme Court Rule

15(16) (b) and (c), supra. Trinidad Industrial Bank v. Romero, 81 N.M. 291, 466 P.2d 568 (1970); Simson v. Bilderbeck, Inc., 76 N.M. 667, 417 P.2d 803 (1966); Anderson v. Jenkins Construction Co., 83 N.M. 47, 487 P.2d 1352 (Ct.App.1971); McCroskey v. State, 82 N.M. 49, 475 P.2d 49 (Ct.App.1970).

Defendant first contends the agreement for the exchange of properties was invalid and unenforceable because the other party to this agreement was unable to convey good title to his property. Defendant seeks to demonstrate this by references to evidence adduced at the trial. As above stated, under the record as presented, defendant will not be heard to say the judgment is not supported by the evidence, and he cannot place upon this Court the burden of finding facts to support his position.

Defendant next contends the exchange agreement was dependent upon certain contingencies which never occurred. In support of this position, he asks us to decide that the trial court erred in refusing one of his requested conclusions of law and to examine certain evidence adduced at the trial. As already stated, defendant's findings of fact and conclusions of law were not timely filed, were not presented to the trial court, and will not be considered by us. We repeat, he cannot, at this stage of the proceedings, place upon us the burden of finding facts to support his position. His position is inconsistent with the trial court's findings, and it is particularly inconsistent with the judgment, which, under the circumstances, he cannot be heard to say lacks support in the evidence.

In his third point relied upon for reversal, defendant contends the exchange agreement was invalid for lack of consideration. He predicates this contention upon his claim of error on the part of the trial court in refusing nine of his requested findings of fact. We have already stated his requested findings of fact cannot be considered by us.

In his final point relied upon for reversal, defendant contends the trial court erred in awarding plaintiff judgment for her commission because she failed to discharge her duties as a fiduciary. He again asks us to review certain evidence and make findings of fact which would support his position. Again we repeat, we cannot and will not review the evidence under the circumstances of this case.

The judgment should be affirmed.

It is so ordered.

McMANUS and STEPHENSON, JJ., concur.