555 P.2d 687
**MOUNTAIN BELL, Petitioner,**

v.

**Ellis B. HERRINGTON, Jr., and La Verne Herrington, and County of Grant, State of New Mexico, Respondents.**

**No. 11024.**

Supreme Court of New Mexico.

Sept. 7, 1976.

Rehearing Denied Sept. 24, 1976.

Hunter L. Geer, Albuquerque, Shantz, Dickson & Young, Robert J. Young, Silver City, for petitioner.

Robertson & Reynolds, John W. Reynolds, Silver City, Patricio S. Sanchez, Asa Kelly, Jr., Silver City, for respondents.

OPINION

EASLEY, Justice.

The plaintiffs-appellants, Ellis and La-Verne Herrington (hereinafter plaintiffs), brought suit against the defendant-appellee, Mountain Bell (hereinafter defendant), for damages resulting from an alleged unlawful and negligent entry upon their land to bury an underground cable. Grant County was joined as a third party defendant. After a trial without a jury, judgment was enter-

ed for the defendant. The Court of Appeals affirmed the trial court in part and reversed in part. *Herrington v. Mountain Bell*, No. 2272 (Ct.App., June 15, 1976). We granted certiorari and reverse the Court of Appeals in part.

The Court of Appeals upheld the trial court's decision that Grant County had a prescriptive easement over the plaintiffs' property based on fences in existence for twenty-five years. It also held that there was substantial evidence to support a finding that the defendant had permission to bury its cable within the easement. We agree with the decisions of the trial court and affirm the Court of Appeals on these issues. *Hall v. Lea County Electric Co-operative*, 78 N.M. 792, 438 P.2d 632 (1968).

The sole remaining issue is the trial court's conclusion that the plaintiffs were entitled to no damages since the defendant was not liable. The Court of Appeals remanded the case for a determination of damages. It held it was error for the trial court to rule on the issue of damages because the parties had agreed to try the issues of liability and damages separately. The court further reasoned that the plaintiffs might still recover under a theory of negligence by the defendant in burying the cable, and therefore, a remand was required.

The trial judge and the attorneys had an understanding, the details of which are not at all clear from the record proper, that the issues to be tried would be separated. At the beginning of the trial, plaintiffs' attorney said, "[W]e had talked and kind of agreed, that this case should be tried in two parts." According to the plaintiffs' attorney, the first part was to be limited to determining the width of the easement, whether the cable was within the easement boundaries and whether or not defendant had a right to use the easement for an underground line. The defendant's attorney argues that this first part was limited to "liability," the second to "the measure of damages."

The findings of fact and conclusions of law entered by the court show that the question of liability for negligence was one of the issues tried by the court. Plaintiffs' complaint had alleged that "a vast amount of damage" had been done by defendant to an Indian ruin. The evidence is substantial to show that defendant had a right to dig through the Indian ruin. There is no substantial evidence to show that defendant knew or should have known that there was an Indian ruin present; that there was any negligence on the part of defendant in laying its line; that any artifacts were destroyed or damaged; that there were any other tortious acts of defendant that might tend to damage plaintiffs; or that there was a breach of any duty that was owed by defendant to plaintiff. Liability for negligence arises only where one has failed to observe the required standard in performance of a duty owed by him to the injured person. *Giese v. Mountain States Telephone & Telegraph Co.*, 71 N.M. 70, 376 P.2d 24 (1962); *Bogart v. Hester*, 66 N.M. 311, 347 P.2d 327 (1959).

The trial court held in Conclusion of Law No. 4 that "Herringtons' Complaint and proof at trial failed to show a cause of action for which actual damages and punitive damages may be recovered and Herringtons take nothing by their Complaint." There is substantial evidence to support this conclusion and such conclusions will not be disturbed on appeal. *Farmers and Stockmens Bank of Clayton v. Morrow*, 81 N.M. 678, 472 P.2d 643 (1970).

If plaintiffs understood that the question of liability for negligence was not to be tried in the first part of this trial, then, at the point the trial court first went astray, they should have protected the record in that regard. This was not done. Errors not preserved in the record for review cannot be considered at this stage. *MacNair v. Stuebar*, 84 N.M. 93, 500 P.2d 178 (1972); *State ex rel. State Highway*

*Commission v. Sherman*, 82 N.M. 316, 481 P.2d 104 (1971).

A remand for the determination of damages is thus unnecessary. The Court of Appeals is reversed as to its remand.

IT IS SO ORDERED.

OMAN, C. J., and McMANUS, MONTOYA and SOSA, JJ., concur.