669 P.2d 741 (1983)
100 N.M. 741
Herman LUNA, Plaintiff-Appellee,
v.
HOMESTAKE MINING COMPANY, Employer, Self-Insured, Defendant-Appellant.
No. 6040.
Court of Appeals of New Mexico.
August 30, 1983.
*742 Victor Roybal, Roybal & Crollett, Albuquerque, for plaintiff-appellee.
Walter K. Martinez, Gary Fernandez, Grants, for defendant-appellant.

OPINION
DONNELLY, Judge.
This appeal is from an amended judgment in a workmen's compensation action awarding plaintiff benefits for temporary total disability.
Homestake Mining (Homestake) raises four issues on appeal: claim of error by the trial court (1) in refusing to allow amended findings of fact and conclusions of law; (2) in awarding recovery for medical care; (3) in finding temporary total disability; and (4) in allowing additional attorneys fees. We affirm except as to the trial court's award of additional attorneys' fees.
This cause is before the court for the second time. Claimant sustained an accidental injury to his right hand when a blasting cap detonated while he was working as a miner's helper for Homestake on March 9, 1979. The injury sustained by the worker resulted in the loss of two fingers on his right hand, part of his thumb and a portion of his ring finger. In its initial judgment the trial court awarded the claimant temporary partial disability. In the first appeal this court remanded the case to the trial court for adoption of additional findings of fact and conclusions of law, and to determine whether the workman was entitled to partial disability benefits under NMSA 1978, § 52-1-42 over and above those specified in the Scheduled Injury Section, NMSA 1978, § 52-1-43, or whether the award should be limited solely to the Scheduled Injury Section.
Following remand, the trial court entered an amended judgment based on Amended Findings of Fact and Conclusions of Law adopted on July 8, 1982. The trial court found, inter alia:
3. The Plaintiff suffered injury to his right hand. The injuries resulted in amputation of the first finger and second finger, one-half of the third finger and one-half of the thumb. The Plaintiff suffers from neuroma, a painful condition which resulted in the temporary loss of use of the right hand.
4. The Plaintiff is right handed.
5. The Plaintiff will probably require future medical expenditures reasonably related to his compensable accidental injury.
6. The Plaintiff may require future surgery.
* * * * * *
8. Despite the fact that the injury is restricted to the right hand, as a direct and natural result of the compensable accidental injury sustained by the Plaintiff, he is temporarily wholly unable to perform the usual tasks in the work he was performing at the time of his injury and * * * is temporarily wholly unable to perform any work * * *.
(1) Homestake contends that following remand after the first appeal, the trial court erred in not permitting it to file additional findings of fact and conclusions of law. Counsel for Homestake contacted the trial court by telephone to inquire as to the procedure the court wished to follow after the district court regained jurisdiction. No written motion was filed seeking leave to file additional requested findings or conclusions. *743 Homestake filed a motion to amend the court's findings and amended judgment which was denied.
Under NMSA 1978, Civ.P.R. 52(B)(1)(f) (Repl.Pamp. 1980), a party is held to have waived specific findings of fact and conclusions of law if he fails to make a general request therefor in writing or if he fails to tender specific findings and conclusions. See Wagner Land and Investment Co. v. Halderman, 83 N.M. 628, 495 P.2d 1075 (1972); Pedigo v. Valley Mobile Homes, Inc., 97 N.M. 795, 643 P.2d 1247 (Ct.App. 1982). In view of Homestake's failure to make a request in writing, or alternatively to make a tender of specific additional findings or conclusions as required by the rule, appellant's first point must be denied.
(2) Homestake's second point asserts that the trial court erred in adopting its Findings nos. 5, and 6, supra, which determined that the claimant would need future medical expenditures and surgery resulting from his injury. In its brief, Homestake concedes that it was uncontradicted that plaintiff's condition can be improved by surgery which would deepen the web between his thumb and the remainder of his hand and fingers and that such surgery would give the plaintiff a functional hand.
Homestake argues that because there is evidence in the record that claimant has refused surgery, the trial court erred in failing to expressly adopt a finding as to such refusal, and also in not considering a reduction or suspension of claimant's compensation benefits. See Escobedo v. Agriculture Products Co. Inc., 86 N.M. 466, 525 P.2d 393 (Ct.App. 1974).
The claimant's need and entitlement to future medical care is supported by the evidence. Homestake did not submit a specific written finding as to claimant's failure or refusal to undergo medical treatment or to submit to surgery. The trial court's findings entitling claimant to future medical treatment were proper and should be affirmed.
(3) Homestake also challenges on appeal the trial court's finding that claimant was temporarily totally disabled. Homestake further argues that it was error for the trial court to find that claimant suffered a 40% partial disability when there was no evidence to support that figure.
The trial court's findings are supported by substantial evidence. Dr. William F. Krieger, a vocational specialist, testified at trial that based upon claimant's age, education, training, he was totally occupationally disabled. Claimant's occupational history involved work as a laborer, miner's helper, truck driver and dishwasher. The evidence indicated that the usual tasks involved in claimant's past positions of employment necessarily required frequent lifting of heavy weights, carrying, grasping, pushing and pulling.
Dr. Richard Gooding, a medical specialist testified that claimant was severely limited in the use of his right hand and that he had little or no use of his right hand in lifting or carrying. Dr. Gooding further testified that, although conceivably claimant may be able to work in some capacity, he could not do so without proper training. This evidence is sufficient to support the trial court's findings as to temporary total disability. See Hise Const. v. Candelaria, 98 N.M. 759, 652 P.2d 1210 (1982); Lucero v. Los Alamos Constructors, Inc., 79 N.M. 789, 450 P.2d 198 (Ct.App. 1969).
Here, in addition to finding injury to specific portions of claimant's right hand, the court found he also sustained a painful condition resulting temporarily in the loss of use of his right hand.
Under the record here we find no error in the trial court's findings or in its determination that claimant presently was temporary totally disabled.
(4) Homestake's final point on appeal challenges the trial court's award of additional attorney's fees following our remand to the district court subsequent to the first appeal. The trial court's amended findings of fact and conclusions of law were filed on July 8, 1982 and an amended judgment was entered on July 20, 1982. In both the court's amended findings and conclusions *744 and the amended judgment, the court found claimant should be awarded attorneys fees in the sum of $2,230.00, exclusive of taxes. On August 12, 1982, claimant filed a motion seeking to vacate the amended judgment and requesting that the trial court increase its award of rehabilitation expenses, that it award additional sums for temporary total disability, and seeking an increase in the amount of attorneys fees. Homestake filed a notice of appeal on August 13, 1982.
On September 27, 1982, the trial court entered an order denying claimant's motion to vacate the amended judgment or to reconsider its award of compensation benefits, however, the order provided in part:
IT IS FURTHER ORDERED the the [sic] court's Amended Findings of Fact and Conclusions of Law filed July 8, 1982 and the Amended Judgment filed on July 20, 1982 be amended to reflect that plaintiff is entitled to a $4,500.00 attorney's fee, plus tax, as a reasonable award of attorney's fees to be paid by defendant * * *.
On appeal, Homestake argues that under the facts herein, the trial court lost jurisdiction to modify its amended judgment or findings of fact and conclusions of law. We agree. After the entry of a final judgment a trial court loses jurisdiction to further modify or amend its judgment herein during the pendency of an appeal, unless a motion for a new trial or a motion to alter or amend the judgment has been timely filed. As noted in 6A Moore's Federal Practice, ¶ 59.13 (2d ed. 1983), "[a] timely and proper motion under [Rule] 59(a) for a new trial or under 59(e) to alter or amend the judgment suspends the finality of the judgment and an appeal therefrom will not lie during the pendency of the motion."
Under NMSA 1978, Civ.P.R. 59(e) (Repl. Pamp. 1980), a motion to alter or amend a judgment shall be served no later than ten days after entry of the judgment. Although a trial court retains jurisdiction to amend its judgment within thirty days after entry thereof, the court here lost jurisdiction to further rule upon claimant's motion upon the filing of Homestake's notice appeal from the final judgment since the motion to alter or amend the judgment was not timely filed. See Meeker v. Walker, 80 N.M. 280, 454 P.2d 762 (1969); Wagner Land and Investment Co. v. Halderman, 83 N.M. at 630, 495 P.2d 1075; see also Lichtenstein v. Lichtenstein, 55 F.R.D. 535 (E.D.Pa. 1972); Stacy v. Williams, 50 F.R.D. 52, 14 Fed.R.Serv.2d 397 (N.D.Miss. 1970), aff'd 446 F.2d 1366 (5th Cir.1971). Cf. Chavez-Rey v. Miller, 99 N.M. 377, 658 P.2d 452 (Ct.App. 1982).
The amended judgment is affirmed. The order of September 27, 1982, purporting to modify the court's award of attorneys fees is reversed.
Plaintiff is awarded a fee of $2,000.00 for services of his attorney on appeal.
IT IS SO ORDERED.
LOPEZ and NEAL, JJ., concur.