678 P.2d 226

James J. McCAFFERY,
Plaintiff-Appellant,

v.

STEWARD CONSTRUCTION CO. and
Employers Insurance of Wausau,
Defendants-Appellees.

No. 7344.

Court of Appeals of New Mexico.

Feb. 14, 1984.

Mark B. Thompson, III, Leland S. Sedberry, Jr., Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, for defendants-appellees.

Melvyn D. Baron, Melvyn D. Baron & Assoc., P.C., Albuquerque, for plaintiff-appellant.

## OPINION

DONNELLY, Chief Judge.

Plaintiff appeals from a judgment entered after trial on the merits denying his claims for workmen's compensation benefits. We discuss two issues: (1) claim of error in denying opportunity to file requested findings of fact and conclusions of law; and (2) whether the trial court adopted adequate findings of fact and conclusions of law. We affirm.

*Facts*

On December 17, 1980, plaintiff, a carpenter, filed a complaint in the Bernalillo County District Court seeking workmen's compensation benefits for injuries allegedly sustained on December 11, 1978, while he was employed by Steward Construction Company in Albuquerque.

Trial on the merits was held more than three years later on January 10, 1983 before District Judge Baiamonte. At the time of trial, Dr. Irvine G. Jordan, an orthopedic surgeon, who had been subpoenaed to appear at trial by the defendant, was unavailable to testify. The trial judge ordered that the trial be bifurcated and that Dr. Jordan's testimony be taken by deposition and that the deposition be filed with the court for consideration as part of the trial herein. Dr. Jordan's deposition was taken on January 28, 1983, and filed with the district court on February 1, 1983.

Following the taking of the deposition of Dr. Jordan, counsel for the parties, with the approval of the trial court, filed briefs in lieu of presenting closing arguments to the court. Plaintiff delayed in submitting his brief to the trial court until approximately May 4, 1983. Defendant then submitted a responsive brief with the trial court on June 3, 1983.

Plaintiff's attorney, in a letter of transmittal to Judge Baiamonte dated May 4, 1983, forwarded plaintiff's closing argu-ment brief and stated to the trial court in part:

*I will await [defense counsel's] brief and your decision before submitting Findings and Conclusions as well as a Memo and Affidavit on Fees.* If you have some other wishes as to procedure, please let me know. [Emphasis added.]

Judge Baiamonte, within a few days following receipt of the briefs submitted by counsel, issued a written letter decision dated June 30, 1983. The letter from the judge succinctly stated in part:

After reviewing your briefs as well as my notes from the trial regarding the above matter, the Court makes the following Findings:

1. That plaintiff received an accidental injury on December 4, 1978, arising out of and in the course of his employment with defendant, Steward Construction Co.

2. That at the time of his injury, plaintiff was entitled to compensation at the rate of $120.00 per week based on his income at that time.

3. That the plaintiff was temporarily and totally disabled from the period of December 4, 1979 through November 25, 1980 and entitled to a total sum during such period of $12,480.00 which sum has been paid by defendants.

4. That plaintiff is entitled to receive medical expenses incurred as a direct result of the accidental injury described herein and that such expenses have been paid by the defendant.

5. That plaintiff is not entitled to any compensation since November 25, 1980.

6. That the defendant has paid all of those sum benefits required under the workmen's compensation laws of New Mexico so that plaintiff is not entitled to an award of attorney's fees herein.

The letter decision of Judge Baiamonte also directed counsel for the plaintiff and defendant to prepare the necessary order and submit it to his successor judge for execution. Thereafter, Judge Baiamonte resigned as district judge. The letter deci-

sion of Judge Baiamonte was filed in the district court file on July 6, 1983.

Defendant's attorney prepared a proposed final judgment in accordance with Judge Baiamonte's letter decision of June 30, 1983. The proposed final judgment was transmitted by letter dated July 6, 1983, addressed to Judge Sitterly, indicating that a copy of the proposed judgment was being sent to plaintiff's attorney. Defendant's attorney indicated in his letter to Judge Sitterly that he advised plaintiff's attorney that if plaintiff had any objections to the form of the proposed judgment, that either the trial court or defense counsel should be notified by July 15, 1983; otherwise, the proposed judgment would be entered.

Plaintiff's attorney did not notify either the trial court or defense counsel of any objections to the proposed judgment. Some time thereafter, plaintiff's attorney was appointed a district judge in the Eleventh Judicial District. On July 15, 1983, Judge Sitterly signed a final judgment dismissing plaintiff's complaint with prejudice, based upon the findings enumerated in the letter decision of Judge Baiamonte. Plaintiff obtained other counsel and timely filed his appeal herein.

### I. *Request for Findings and Conclusions*

■ Plaintiff asserts that he made a general request to be allowed to file requested findings of fact and conclusions of law prior to entry of final judgment herein and that he was denied that opportunity. Specifically, plaintiff argues that his letter addressed to the trial court, dated May 4, 1983, and his Closing Argument Brief constituted a "general request" to file findings and conclusions.

Defendant argues that plaintiff was accorded a reasonable opportunity to submit requested findings of fact and conclusions of law and that he waived the filing of specific findings and conclusions by (1) failing to make a proper demand therefor and (2) his failure to timely submit requested findings and conclusions to the court.

NMSA 1978, Civ.P.R. 52(B) (Repl.Pamp. 1980) directs that upon "the trial of any case by the court without a jury, its decision, which shall consist of its findings of fact and conclusions of law, must be given in writing and filed with the clerk in the cause." The Rule further provides in subsection (B)(1)(f), that "[a] party will waive specific findings of fact and conclusions of law if he fails to make a general request therefor in writing, or if he fails to tender specific findings and conclusions."

Rule 52(B) as adopted in New Mexico differs from Rule 52 of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 52; *State v. Hardy*, 78 N.M. 374, 431 P.2d 752 (1967); *State v. Fernandez*, 56 N.M. 689, 248 P.2d 679 (1952). The language of Rule 52(B)(1)(f) is unique to New Mexico and is not included in Rule 52 of the Federal Rules.

A "general request" for specific findings of fact and conclusions of law as contemplated by Rule 52(B)(1)(f), means a written communication to the trial court sufficient to apprise the trial court of a desire to submit requested findings and conclusions. We interpret Rule 52(B)(1)(f) to be satisfied if counsel makes a written request for permission to file findings of fact and conclusions of law to the trial judge by letter, or by a timely written request filed in the court file of the cause, provided counsel subsequently submits requested findings of fact and conclusions of law in a timely fashion. We do not interpret Rule 52(B)(1)(f) as necessitating a formal written request for findings of fact and conclusions of law be filed in the court file although such practice is commended. *Cf. Dollison v. Fireman's Fund Ins. Co.*, 77 N.M. 392, 423 P.2d 426 (1966) (holding that correspondence between the court and counsel, not reflected in the court file prior to filing a motion to dismiss under NMSA 1978, Civ. P.R. 41(e) (Repl.Pamp:1980) is not sufficient to evidence and will not be considered in determining whether a diligent attempt to prosecute such action has been made).

The record indicates that the plaintiff, by letter addressed to the trial judge and dat-

ed May 4, 1983, expressed an intent to file requested findings and conclusions after the judge announced his decision. Plaintiff's letter to Judge Baiamonte was sufficient to constitute a general request for leave to file requested findings of fact and conclusions of law. This determination, however, is not conclusive of the issues on appeal. Plaintiff, having filed a general request, never submitted requested findings of fact and conclusions of law.

Plaintiff next argues that he was not notified of the trial court's decision denying his claims until July 6, 1983, the date the letter decision was filed in the court file and therefore, he was not given an adequate opportunity to submit requested findings of fact and conclusions of law.

■ Local Rule 20, adopted by the Second Judicial District, provides that findings of fact and conclusions of law shall be filed in the clerk's office within ten days after the trial court renders its decision. A valid rule of the district court has the same force and effect as one published by the New Mexico Supreme Court. *Spingola v. Spingola*, 91 N.M. 737, 580 P.2d 958 (1978); *see also* NMSA 1978, Civ.P.R. 83 (Repl. Pamp.1980). Judge Baiamonte's letter decision was dated June 30, 1983. The judgment entered herein was filed on July 15, 1983. Therefore, fifteen days elapsed between the notification of the decision and the entry of the final judgment. Under these facts, plaintiff has waived the right to tender requested findings of fact and conclusions of law. Judge Baiamonte, by his letter dated June 30, 1983, notified both parties of his decision. Even after allowing three extra days for mailing, as required by NMSA 1978, Civ.P.R. 6(e) (Repl. Pamp.1980), plaintiff failed to file requested findings of fact and conclusions of law within the time permitted by Local Rule 20 of the Second Judicial District.

■ Under NMSA 1978, Civ.P.R. 6(a) (Repl.Pamp.1980), the time within which to file requested findings and conclusions commenced to run on July 1, 1983, the day

following the trial court's letter decision. After allowing the ten-day period authorized by Local Rule 20, plus three extra days for mailing, plaintiff failed to timely file his requested findings of fact and conclusions of law. Plaintiff argues that under Local Rule 20, the time for filing findings and conclusions did not begin to run until July 6, 1983, when the trial court's letter decision was actually filed in the court file. We disagree. The time commenced to run the day after the trial court issued its letter decision of June 30, 1983, that is, on July 1, 1983. *See Socorro Livestock Mkt., Inc. v. Orona*, 92 N.M. 236, 586 P.2d 317 (1978); *see also* Rule 6(a).

## II. *Sufficiency of the Trial Court's Findings and Conclusions*

■ Plaintiff contends that even if his request to file findings and conclusions is deemed untimely, the trial court nevertheless failed to comply with Rule 52(B). Plaintiff argues the trial court's letter decision did not comply with the requirements of Rule 52(B)(1), mandating that a trial court file written findings of fact and conclusions of law in non-jury cases.

A decision, as contemplated by Rule 52(B) does not mean a judgment, it means findings of fact and conclusions of law. *Trujillo v. Tanuz*, 85 N.M. 35, 508 P.2d 1332 (Ct.App.1973). Rule 52(B)(1) requires a trial judge to make and file his decision consisting of such ultimate facts and conclusions of law stated separately, as are necessary to determine the issues in the case and to support the judgment. *See Lusk v. First Nat. Bank of Carrizozo*, 46 N.M. 445, 130 P.2d 1032 (1942). The decision of the trial court must also be signed and filed in the cause as part of the record proper. Rule 52(B)(1)(d).

■ Although we deem it preferable that a trial court issue findings of fact and conclusions of law separate and apart from any recital of findings and conclusions contained in its letter decision, where the deci-

sion contains findings and conclusions and the decision is filed in the record proper, this is sufficient to comply with the requirements of Rule 52(B). *See Kipp v. McBee*, 78 N.M. 411, 432 P.2d 255 (1967) (wherein the court states that Rule 52(B) contemplates that a written decision containing findings of fact and conclusions of law be entered prior to judgment).

Judge Baiamonte's letter decision expressly detailed the findings of fact found by him after hearing the case on the merits. Finding of Fact No. 5 stated that "plaintiff is not entitled to any compensation since November 25, 1980." Similarly, Finding of Fact No. 6 set forth that plaintiff was not entitled to an award of attorney's fees. Findings Nos. 5 and 6 contained in the trial court's letter decision are, in actuality, a mixture of findings and conclusions of law. *See Gough v. Famariss Oil and Refining Co.*, 83 N.M. 710, 496 P.2d 1106 (Ct.App.), *cert. denied*, 83 N.M. 698, 496 P.2d 1094 (1972) (holding in part that the intermixture of matters of fact and conclusions of law do not constitute error where the reviewing court can, upon a fair construction, see enough to justify the judgment of the trial court).

▉ Plaintiff's failure to timely request that the trial court adopt more specific findings of fact and conclusions of law constitutes a waiver of any objections as to the sufficiency of the trial court's findings and conclusions in its letter decision. *See Wagner Land & Inv. Co. v. Halderman*, 83 N.M. 628, 495 P.2d 1075 (1972); *MacNair v. Stueber*, 84 N.M. 93, 500 P.2d 178 (1972); *State v. Fernandez; Fidelity Nat. Bank v. Lobo Hijo Corp.*, 92 N.M. 737, 594 P.2d 1193 (Ct.App.), *cert. denied*, 92 N.M. 675, 593 P.2d 1078 (1979); *see also Kipp v. McBee*. In *Fernandez*, Justice Compton stated that the addition of subsection 6 as a part of Rule 52(B) was a recognition of the existing custom and practice in New Mexico that a party will be deemed to have waived any objections concerning a trial court's failure to adopt specific findings

and conclusions if that party has failed to make a timely general request therefor in writing or fails to tender specific findings and conclusions.

▉ Plaintiff also argues the trial court erred in failing to comply with Local Rule 18(f) of the Second Judicial District. Local Rule 18(f) specifies that, subject to Rule 52(B),

all orders, judgments and decrees shall be filed within fifteen (15) days of the decision. The prevailing party shall be responsible for such filing, and if the approval of opposing counsel cannot be obtained by the 15th day, prevailing counsel shall, no later than the 15th day, request a setting for a hearing before the trial judge. At the hearing, counsel shall submit their proposed order of judgment to the court.

Plaintiff contends he did not approve the order entered by Judge Sitterly and hence its entry was improper. We disagree. The supplemental record on appeal indicates defense counsel forwarded a copy of the proposed judgment to plaintiff, expressly asking for notification by July 15, 1983, of any objections he may have had to the form of the judgment. Plaintiff did nothing to alert the court to any objection he may have had to the proposed form of judgment. When counsel is given notice of a proposed form of judgment, and is specifically requested to respond within the fifteen-day period prescribed by Local Rule 18(f), he cannot then be heard to complain of any failure by the trial court to comply with the rule. NMSA 1978, Civ.P.R. 58(b) (Cum.Supp.1983) similarly specifies that the trial court shall allow counsel a reasonable time to submit or examine a requested form of order and requires the court to promptly enter an appropriate form of order. A reasonable opportunity was accorded counsel to examine the proposed form of judgment and to make objections thereto. Failure to respond cannot be utilized as a means to delay entry of the final order or judgment.

NMSA 1978, § 52–1–34, provides that the Rules of Civil Procedure and the Supreme Court Rules shall apply to all claims, actions and appeals under the Workmen's Compensation Act. NMSA 1978, § 52–1–35(A) (Cum.Supp.1983), directs that district judges shall advance workmen's compensation cases "on the court's calendar and dispose of the case as promptly as possible." Judge Sitterly acted in accordance with the mandate of Section 52–1–35(A) and Civ.P.Rule 58(b).

The judgment dismissing plaintiff's action following trial on the merits is affirmed.

IT IS SO ORDERED.

NEAL and MINZNER, JJ., concur.